CHARLES CARROLL of Carrolton, *vs.* MARSHAM WARING, *et al.*—*June*, 1832.

Since the passage of the act of 1785, ch. 72, sec. 25, the practice of the Court of Chancery in *England*, in the case of a plea ruled to be sufficient, when set down for argument, to make the complainant pay £5 costs, is repealed, and a fine should be paid only by the party pleading or demurring, whose plea or demurrer is overruled.

Where it fully appears, upon the face of a complainant's bill, that there had been a sufficient lapse of time to make the bar created by the Act of Limitations, a defence to the suit, it is not necessary to verify the plea of Limitations by an oath; nor is it necessary to support such a plea by an answer, where there was nothing charged in the bill in avoidance, or which could take the case out of the Statute of Limitations.

The payment of interest upon a *bond*, is no avoidance of the Act of Limitations, of this State, nor will even an express acknowledgment of the debt revive the remedy upon a *bond* barred by that act.

APPEAL from the Court of Chancery.

The case is sufficiently stated in the following opinion, delivered by his honor, BLAND, chancellor, at December session, 1830.

This case standing for hearing, as to the sufficiency of the several pleas of the defendants, heretofore filed, and the solicitors of the parties having been fully heard, the proceedings were read and considered.

The plaintiff, *Carroll*, by his bill, filed on the 24th of February, 1830, states, that *Thomas S. Lee* being indebted to him on the 21st of April, 1798, in the sum of £3,000 sterling, he, with *Marsham Waring*, and *Notley Young*, as his sureties, bound themselves in a joint and several bond of that date, conditioned for the payment of that sum, on demand, with interest from the 23d of November next before the date of the bond. That he sued, and recovered judgment on the bond against *Waring*, at April Term, 1810; that *Waring* by his will, dated on the 17th of May, 1812, gave all his estate, real and personal, to his son, *Marsham Waring*, and soon after, in the same year, died; that the late *Marsham Waring* left a large amount of property, but

that the whole of his real estate had been exhausted since
his death, in making satisfaction of a debt with which he
had encumbered it, by a deed prior to the judgment against
him; that *Notley Young,* the other security in the bond,
died some time in the year 1798, leaving a large amount of
property; that his personal estate is insufficient to pay his
debts; that his executors are also dead, and that adminis-
tration *de bonis non,* with the will annexed, has been
granted on his personal estate; and that the greater part of
the interest on said bond has been paid him; but that all of
the principal, and a part of the interest, is still due.  Upon
which the bill prays, that the executor of the late *Marsham
Waring,* and the administrator of the late *Notley Young,*
may account, respectively, for the personal assets which
had come to their hands; that the real estate of the late
*Notley Young,* may be sold, to pay the plaintiff and his
other creditors, and that process may issue against the ex-
ecutors, the administrator, and the heirs and devisees of
the late *Marsham Waring,* and the late *Notley Young,*
therein named as defendants.   The bill says nothing of the
situation of *Thomas S. Lee,* the principal debtor, nor is he
made a party to the suit.   On the 27th of September, 1830,
*Robert Y. Brent,* the administrator of the late *Notley Young,*
filed his separate plea of the statute of limitations, in bar
of the whole cause of action, relying on the facts as stated
in the bill, that the bond, or thing in action, had been more
than twelve years standing prior to the institution of this
suit; and on the same day *Marsham Waring,* the devisee
of the late *Marsham Waring,* and *Notley Young of Ben.,*
and *Eleanor Clagett,* two of the heirs or devisees of the
late *Notley Young,* filed their joint and several plea of the
statute of limitations, in bar of the whole cause of action,
in which they rely on the facts set forth in the bill, that the
bond, as well as the judgment against *Marsham Waring,*
this defendant's testator, or those things in action, had been
more than twelve years standing, before the filing of this
bill.   And on the 29th of July, 1830, *Marsham Waring,*

the executor, filed his separate plea of the statute of limitations, in bar, relying on the facts as stated in the bill, that the things in action, the bond and the judgment, against his testator, had been more than twelve years standing before the commencement of this suit.   None of the pleas are sworn to, nor any of them accompanied by an answer purporting to be in their support, or by an answer of any kind. Without replying to them, the plaintiff set them down for argument, to obtain the opinion of the chancellor as to their sufficiency; and as to that alone, the parties now ask the judgment of the court.

The plaintiff has objected to these pleas, because they do not negative the savings, as to the impediments of infancy, &c. spoken of in the act of limitations, relied on by them.   The act here referred to, is that of 1715, ch. 23, which is so nearly analagous to the *English* statute upon the same subject, that it has been generally construed, and applied, in the same manner.   The 6th section, here particularly relied on, is peculiar to *Maryland*.   There is no *English* statutory limitation, as to bonds and judgments; but like the *English* statute of limitations, after prescribing a limitation to actions upon those securities, it concludes with a saving in favor of infants, &c. after such impediments are removed.   In equity, as well as at law, it has been always held to be sufficient, that the defendant should, in his plea of the statute of limitations, rest upon the fact, that the debt became due, or that the cause of action had accrued, beyond the prescribed time, before the suit was brought, without showing that the case did not fall within any of the savings of the act, which are exceptions in favor of the party suing, and therefore if his case falls within any of them, it is for him, and not the defendant, to show it.   There is, therefore, no foundation for this objection to these pleas. The plaintiff has also urged, that these pleas ought not to be received, because they are not on oath; and in reply to this objection, it was contended that this is a creditor's bill, and that in all such cases, the defendant, or any co-creditor, has

always been allowed to take advantage of the statute of limitations against any claim, merely by filing a note of such objection, without oath; and that for these, and other reasons, apparent upon the proceedings, it was not necessary that these pleas should have been put in on oath. As regards the course of proceeding on a creditor's bill, it is true, that from necessity, in some particulars, and for convenience in other respects, many of the established rules of the court, as between the plaintiff and defendant, have been dispensed with, or put aside, in relation to creditors who come in after the commencement of the suit. As to the claim of the originally suing creditor, the defendant is specially called on to answer by the bill, and therefore, as to the claim so presented, he cannot be allowed to demur, plead, or answer, in any other manner than according to the established course of the court. But the other creditors of the defendant are called on, in general terms, to come in, and file the vouchers of their claims in the chancery office, by a given day; and not being allowed to retard, or incumber the proceedings, with any tedious, or very special allegations, respecting their several claims, it is but reasonable that the defendant, as well as any co-creditor, should be allowed to rely upon the statute of limitations, or any other objection, in opposition to them, in the same summary and informal manner in which the claims themselves have been permitted to be introduced into the cause; hence it has always been deemed sufficient, for a defendant or any co-creditor, to file a short note, in any form, and without oath, of his reliance upon the statute of limitations, in opposition to any such claim. This, however, is a course of proceeding which has been sanctioned, because of the peculiar nature of the case, and can in no respect be deemed a precedent applicable to the case under consideration. It may be regarded as a general rule, in equity, that in all cases where the defendant undertakes to rest his defence upon any matter of fact, not stated in the bill, and only sustainable by proof, other than that of a record, or some pub-

lic testimonial, he must make oath to the truth of the facts he so advances as a defence. And further, that in all cases where the defendant puts his defence into the form of an answer, whether it be confined to that which is strictly responsive to the bill, or contains much matter in avoidance, it cannot be received without being sworn to by him, unless the plaintiff consents to its being filed without oath. Generally, a plea in equity shows some fact, or new matter, not stated in the bill upon which the defendant relies as an excuse, for not answering as the bill requires, and upon which he rests his defence against the relief claimed by the plaintiff; and therefore, in general, all pleas must be upon oath, where the fact relied on is such as must be proved by the testimony of witnesses. If, however, the plea relies upon any public record, or other matter, of which the court must take notice, or which may be shewn by a record, as upon a former decree in relation to the same matter in bar, then, if the decree be enrolled according to the *English* mode, the defendant may make profert of the record, without swearing to the plea, because to the verity of the record, there can be no addition by the defendant's oath ; but if the decree be in paper only, so that it cannot be shewn to the court, then the plea must be on oath. *Form Rom.* 56. A plea resting upon a statute alone, is a plea of matter of record ; but if it be necessary to couple any mere matter of fact with a statute, in order to constitute or complete defence, then the plea must be on oath, because the defence would be unavailable without an averment of such fact, and the defendant must verify, by his oath, all such facts which he advances as a defence ; as where the plea relied on the statute against selling pretended titles, which prohibits all such bargains, except the vendor had been, one year previous to the sale, in possession of the estate, the averment that the plaintiff had not been so in possession, is a fact, without which the statute can be of no avail to the defendant; and therefore, his plea resting so far on a mere fact as well as upon a statute, it was required to be substantiated

by his oath.  *Coop. Rep.* 34.  2 *Ves. and B.* 357.  2 *Harr. Pr. Ch.* 591, 598.  A plea is an excuse for not answering as the bill requires, and therefore a defendant cannot, by plea, offer an excuse, and then go on to answer as the bill requires; because, such an answer is an admission that there is no reason why he should not so answer; and therefore, by such an answer, he virtually waives and overrules his plea.  But there are many cases in which he must answer certain portions of the bill, in support of his plea, as where a mortgagee files a bill to foreclose, and actually states a case, upon which he might be barred of relief by the statute of limitations; but as it were in anticipation of that defence, alleges that the mortgagor had repeatedly acknowledged the debt to be due, and had made sundry payments within the time which would otherwise have operated as a bar; in such case, if the defendant pleads the statute of limitations in bar, he must support his plea by an answer, denying the acknowledgments and payments alleged in the bill; because if he did not do so, as those allegations would be taken for true, they would take the case out of the statute.  This is said to be an incongruous form of pleading; and it is necessary in all cases where there is matter stated in the bill, and not covered by the plea, which would, if not answered and denied, be a sufficient reply to the plea; but here there is no allegation, that any thing has ever been paid on the judgment, and the general averment of the bill, "that the greater part of the interest on said bond has been paid him, but all the principal, and a part of the interest, is still due," without any specification as to the time when such payments of interest were made, is entirely too vague and indefinite, to take the case out of the statute, admitting it to be literally true ; and there is no intimation in the bill, of any other circumstances which could prevent the running of the statute against both the bond and judgment.  *For. Rom.* 58.  *Mit. Pr.* 212.  3 *Atk.* 358.  By *Lord Bacon's* orders, it is declared, that "a demurrer is properly upon matter defective, contained in the bill itself,

and no foreign matter; but a plea is of foreign matter to discharge or stay the suit, as that the cause hath been formerly dismissed, or that the plaintiff is outlawed, or excommunicated, or there is another bill depending for the same cause, or the like; and such plea may be put in without oath, in case where the matter of the plea appears upon record; but if it be any thing that doth not appear upon record, the plea must be upon oath." *Beam. Ord.* 26. From which it appears, that the peculiar quality in which a plea essentially differs from a demurrer, is, that a plea rests on some new matter, not set forth in the bill; whereas, a demurrer is founded exclusively upon the matter apparent on the face of the bill: a plea admits the truth of those facts only of the bill, which are not covered by it,—but a demurrer admits the truth of the plaintiff's whole case, and only denies that he is in equity entitled to the relief he asks, even supposing all the facts stated by him to be true; hence a demurrer is never required to be sworn to, because it neither controverts any facts stated by the plaintiff, nor advances any new matter of fact, the truth of which may be denied, or put in issue. *For. Rom.* 93. It is also declared by *Lord Bacon's* rules, that where any suit appears upon the bill to be of the nature of those which are regularly to be dismissed, such as bargains at play, or wages, or bargains for offices, &c. such matter is to be set forth by way of demurrer, *Beam. Ord.* 27; and hence, as it would seem, it has become a general rule, that a plea to be good, must state some new matter, which is a bar of the plaintiff, and not like a demurrer, rest on facts in the bill; but if, instead of doing so, the defendant relies, by way of plea, altogether on the facts apparent on the face of the bill, as a bar, the plea will be overruled; because the bill being open to a demurrer, a plea cannot be resorted to upon such ground, as a defence. 1 *Mad. Rep.* 228. 2 *Mad. Rep.* 8. *Mit. Pr.* 235.

But although a plea is generally expected to advance some new matter, not found in the bill, as a bar; yet this

does not apply to what is called a negative plea,—as where the plaintiff claimed only as administrator, and the defendant pleaded that he was not administrator, the plea was allowed; and yet it is obvious, that it advanced no new matters, but rested the defence upon a simple denial of one of the component parts of the plaintiff's title, as set forth in his bill. 2 *Ch. Cas.* 10. 3 *Ch. Rep.* 71. 1. *P. Will.* 767. 1 *Vern.* 473. *Dick.* 510. 1 *Cox.* 198. 11 *Ves.* 302.

Every bill assumes two positions : *first*, that the court has jurisdiction of the case; and *secondly*, that the plaintiff has the capacity to sue, as stated in the bill ; and therefore, a plea to the jurisdiction, or in disability of the person which denies one of those positions, amounts to no more than the denial of the title to relief from that court, or to that person, admitting all other facts to be true as stated. But there are pleas in disability of the person, such as infancy, coverture, or insolvency, which do not rest exclusively upon the statements of the bill ; and yet it is said, in the rules digested by the chancellor of the Republic of *England*, which were afterwards literally adopted, that a plea in disability of the person, or to the jurisdiction of the court, should be received and filed. *Beam. Ord.* 172, 488. Whence it would seem to have been laid down as a general rule, that such pleas need not be put in on oath ; because, if in any case where a plea is required to be sworn to, it is not put in on oath, it will be considered as a nullity, and ordered to be taken off the file. *Pra. Reg.* 274. 2 *Ves. and Bea.* 357. It is a general rule in equity, as well as at law, that a defendant cannot have the benefit of the statute of limitations, unless he in some way particularly asks for it. At law, where it appears by the declaration, that the case is within the statute, the defendant cannot have the benefit of it by demurrer ; he can only take advantage of it in such case by plea, 2 *Saund.* 63, note 6 ; and in equity it is almost always taken advantage of by plea, or by being specially relied on in the answer ; indeed it was at one time doubted, whether the benefit of it could be had in any

other way ; because it was said, the plaintiff should not, by a demurrer, be precluded from bringing his case within some of the savings, or exceptions of the statute, either by amending his bill, or by putting in a special replication. 3 *Atk.* 226. But where a mortgagor comes to redeem, it is the law, or rule of the Court of Equity, that he must show a good title to redemption, within twenty years, or he cannot be relieved ; and therefore, if it appears upon the face of the bill, that he has not brought his case within that rule, or that he has stated no fact or circumstance, which can take his case out of the operation of the statute, the defendant may demur, and rely on the statute of limitations as a cause of demurrer. 3 *Bro. C. C.* 635. 2 *Sch. and Lef.* 638. 19 *Ves.* 115. 1 *Ves. and Bea.* 536. From this review of the subject, it appears, that when the oath of the defendant, as in the case of a plea which relies exclusively upon a matter of record, can add nothing to the verity of the fact set out in the plea, or as in the case of a demurrer, or a plea to the jurisdiction, when the facts relied on by the plea, are only those set forth by the plaintiff himself in his bill, there the plea need not be put in on oath,— Whence it is clear, that where the lapse of time appears upon the face of the bill, as in this instance, without any allegation of an acknowledgement, payment, or other circumstance which can take the case out of the statute, the defendant may take advantage of the statute, either by a plea, or by a demurrer ; and such plea or demurrer need not be sworn to, because the oath of the defendant cannot be required by the plaintiff, to verify facts, which he himself has stated to be true.

Where three or more are bound by a joint and several bond, a suit may be brought on it, either against *all*, or any *one* of the obligors ; but not against any intermediate number of them. But this bill is filed against the representatives of only two of the obligors, without in any manner accounting for, not having made the other a party. *Yelv.* 26. *Hard.* 198. 1 *Hen. and Munf.* 61. It is a general rule in

equity, than when a debt is joint and several, the creditor should bring all his debtors before the court. The exceptions to this rule are, first, when the party omitted, is only a surety ; but here, *Thomas S. Lee,* is stated to be the principal debtor ; secondly, where nothing has been paid, and the co-obligor is insolvent; but here, there is nothing said about the insolvency of *Lee;* thirdly, where the co-obligor is dead, and there are no personal assets ; but here it is not said that *Lee* is dead without leaving assets ; and lastly, where a judgment has been obtained against one of the obligors, who alone is sued, because the judgment drowns the bond, and makes him alone liable ; but this bill is against the representatives of the one security, resting on their liability on the bond alone ; and against the representatives of the other surety, resting on their liability on the judgment obtained upon the bond. Considering this as a case against sureties alone, whose principal was insolvent, and who were, from the nature of their liability, entitled to contribution from each other, the bill may be well founded ; and the joint and several plea of *Marsham Waring,* and *Notley Young, of Ben.,* and *Eleanor Clagett,* who, although chargeable, the one on the judgment, and the other two on the bond alone, may yet, in respect of their being sureties, and entitled to contribution in payment of the same debt, be permitted thus to join in a defence against the same claim. But in equity these defendants ought not, from the plaintiff's own showing, to be made to pay any thing, much less to be put to call for contribution from each other, if their principal be solvent; for although the court must by a general decree, bind them all alike in favor of the plaintiff, yet it ought to decree over, in favor of the sureties against the principal ; which cannot be done in this case, because he is not here as a party. 2 *Vern.* 195, (*note.*) 3 *East.* 258. 2 *Atk.* 436. 3 *Atk.* 406. *Dick.* 738. 16 *Ves.* 306. 1 *McCord,* 301, 5 *Cran.* 330. 2 *Harr. and Gill,* 309. Upon the whole then, I am of opinion, that the bill has not made, or sufficiently accounted for not having made one a party to this

suit, who is represented as the principal debtor; and the case must therefore stand over with leave to amend in that respect. I am also of opinion, that all these pleas must be deemed sufficient as the case now stands.

According to the *English* course of proceeding, which has been, and unless repealed, is now the rule of this court, either party may set down a plea to be argued; and if it be allowed, the plaintiff pays five pounds; but if it be overruled, or ordered to stand for an answer, with liberty to except, without a saving as to the payment of costs, the defendant pays five pounds. *For. Rom.* 54. The object of this regulation seems to be, to make the unsuccessful party pay for the costs, and trouble of the argument thus called for, in order to ascertain the sufficiency of the plea; and it is perfectly reasonable, that the peril of incurring such costs and expense should be entirely reciprocal. But our act of 1785, *ch.* 72, *sec.* 25, only declares, "that the party whose demurrer or plea is so *overruled* upon argument, or withdrawn, shall pay to the opposite party, the sum of five pounds current money, and the costs thereof." There is nothing in this provision, which negatives the ancient reciprocal rule of the court; and therefore, considering the old rule as still in force, and as founded on reason and justice, I shall apply it accordingly.

Whereupon it is on this 28th of January, 1831, adjudged and ordered, that the pleas of the defendants be, and the same are hereby deemed sufficient; and the said plaintiff is required to admit, or reply to the same. And it is further ordered, that the said plaintiff pay to each of the said defendants, the sum of five pounds, current money, and the costs of the said plea to be taxed by the register, and be in contempt until the said sum of money and costs be fully discharged and paid. And it is further ordered, that this case stand over, with leave so to amend, as to make *Thomas S. Lee,* or his representatives, parties, or to show why they ought not to be made

parties to this suit; or to amend in any other manner, which the nature of the case may require.

From this order, the complainant appealed to the Court of Appeals.

The cause was argued before EARLE, MARTIN, and STEPHEN, J.

*Speed,* for the appellant, contended,

1. That the pleas of the act of limitations should have been sworn to. *Coop. Eq.* 251, 252.   2. That they should have been accompanied by answers, showing that none of the payments of interest alleged by the bill to have been made, were made within twelve years.  2 *Ves. and Bea.* 354. 1 *Mad. Rep.* 204. 5 *Ib.* 204. *Eq. Draft.* 443.  3. The chancellor erred in deciding the question of parties, when the only matter submitted to him, was the sufficiency or insufficiency of the pleas.   4. The old rule making the fine reciprocal in cases of this description, is repealed by the act of 1785, *ch.* 72, *sec.* 25, according to which the complainant is not liable to it.

*Flusser,* for the appellees.

1. When the plea relies entirely upon the case made by the bill, and introduces no new matter in avoidance, it is good, though not sworn to, or supported by an answer. *Coop. Eq.* 231, 232.  1 *Newl. Pr.* 116.  2 *Mad. Ch. Pr.* 308, 310, 311.  *Boehm's Pr.* 323, 334, *&c. Mitf. Pr.* 208. 4 *Harr. and Johns.* 539. 1 *Madd. P.* 25.   2. There is no fact contained in this bill, which made it necessary to swear to the plea, or to accompany it with an answer.   The case made by the complainant, is subject to the bar of the statute, and there is nothing for an answer to deny. *Coop. Eq.* 227, 313.   3 *Johns. C. C.* 384.   4 *Harr. and Johns.* 126. 1 *Gill and Johns.* 272. *Mitf.* 40.  3. That part of the chancellor's order, which relates to parties, decides no matter of right, and is not the subject of an appeal.  4. Upon this point, he referred to 1 *Newland,* 121.

STEPHEN, Ch. J., delivered the opinion of the court.

Although it appears to be the practice of the Court of Chancery in *England*, in the case of a plea, ruled to be sufficient, when set down for argument, to make the complainant pay five pounds costs, 1 *Newl. Ch. Pr.* 121, we do not consider that such a principle of practice can be sanctioned in this State, since the act of 1785, *ch.* 72, *sec.* 25, which contains in our opinion, a strong and irresistible implication, that a fine should be paid only by the party pleading, or demurring, whose plea or demurrer should be overruled. This express legislative provision, imposing a fine upon the party pleading or demurring, we consider a rejection of the *English* practice, which imposes a fine upon the complainant, where the defendant's plea is allowed, or ruled sufficient; as it cannot readily be perceived, why the imposition of the fine, was confined by that law, to the *party pleading or demurring*, if it was intended that such principle of practice should be extended to the *opposite party* likewise. Upon the subject of the legal sufficiency of the pleas filed in this case, we concur in opinion with the chancellor. We do not think that it was necessary, that the pleas should have been verified by an oath. Whether there had been a sufficient lapse of time, to make the bar created by the act of limitations a defence to the complainant's suit, fully and explicitly appeared upon the face of his bill. There was therefore no conceivable reason for requiring that the plea should be supported by such a sanction. Equally unnecessary was it, that it should have been supported by an answer; because there was nothing charged in the bill, in avoidance of, or which could take the case out of, the operation of the act of limitations. The payment of interest, if it had been precisely, or definitely alleged in point of time, it is clear, both upon reason, and authority, would not have had that effect; because the language of the statute of this State, in the case of a bond, is positive and peremptory, that no bond shall be good and pleadable, or admitted in evidence, after the principal

debtor and creditor have been both dead twelve years, or the debt, or the thing in action, above twelve years standing, saving to the creditor the usual benefits, or exceptions of infancy, &c. It is also incontrovertibly established, that not even an express acknowledgment of the debt, will revive the remedy upon the bond, when barred by the operation of the act.

The decree of the chancellor is therefore reversed, and the case sent back for further proceedings, agreeably to the principles herein contained.

DECREE REVERSED.