NEW YORK,
May, 1826.

Trongott
v.
Byers.

TRONGOTT *against* BYERS.

That a negro works for, and is claimed by one as a slave is, *prima facie*, evidence that he is a slave.

An agreement by the owner of a negro slave, that the slave shall work for another during his life; provided that if the vendee sell him within two years, he shall pay the vendor one half the purchase money, is a sale of the slave; and though his term of slavery would be out in 1827, yet it passes all the interest of the owner.

ASSUMPSIT for the work and labor of the plaintiff, by his slave. Plea, the general issue, and notice of setting off necessary articles furnished the plaintiff's slave, while at work with the defendant.

The cause was tried at the Montgomery circuit, in May, 1824, before NELSON, C. Judge.

It was proved on the trial, that Peter Gilbert, a black man, (then about 30 years of age,) previous to the 28th of May, 1819, worked for one Paff, as a slave, and Paff claimed him as such, about 2½ years. That Paff then promised him that if he would stay and work on his farm (which he had then leased to the plaintiff) 5 years, he should be free. The lease of the farm contained an agreement between Paff and the plaintiff, that Paff should leave Peter with the plaintiff during his natural life; and that if he should be sold in two years, one half the purchase money should be paid to Paff. The lease of the farm was for 2½ years. Peter worked on the farm for five years, (in the service of the plaintiff, who

The owner of a slave who deserts his master, and works for another, need not give notice of his claim to entitle himself to an action for the slave's services.

Evidence of advances made to a slave while wrongfully in the service of another, are not, however necessary they were, a matter of set off against the owner, in an action for his slave's services.

A parol agreement with a slave to manumit him is void.

continued his possession,) as proposed by Paff, with a view to his freedom; but no written manumission was shown. After this, Peter left the plaintiff's service, and worked for the defendant.

It was objected for the defendant that the lease, taken together, showed but a demise of Peter for 2½ years. That if the covenant was to be construed a sale, it was void; as being in contravention of the statute declaring all slaves free in 1827. Also that there was no sufficient evidence, that Peter was a slave of Paff.

These objections being overruled the defendant offered to prove that when Peter came to him, he was almost naked; and that he furnished him with necessary clothing; that during his service with him, he was sick; and he furnished him with medical attendance and necessaries in his sickness, which he offered to set off against Peter's wages.

This was objected to and overruled.

It also appeared that Peter worked some time for the defendant, before he had notice of the plaintiff's claim; and it was objected that the plaintiff should not recover for that time.

This objection was also overruled, the judge deciding that the defendant was liable for the whole time without deduction; and the jury found for the plaintiff, under a charge to that effect.

*L. Ford*, for the defendant, now moved for a new trial; on the grounds, 1. That there was no sufficient proof that Peter was the slave of Paff. 2. That there was no proof that Paff ever sold Peter to the plaintiff, as a slave. 3. That the agreement between Paff and Peter was valid, and operated as a manumission. 4. That the defendant should have been allowed to prove his set off.

*M. T. Reynolds*, contra. The contract between Paff and the plaintiff passed the property in the slave. The sale was good at least, for such interest as the vendor had. The matter of set off would not have been a ground of action, and was inadmissible. The promise to Peter was void. At

common law, a promise to a slave would be void for want of consideration ; and all agreements to manumit derive their force from the statute. (7 John. 324.   9 id. 144.   14 id. 324.   19 id. 53.)   This requires that they should be in writing.   At any rate, the promise was revocable, and was revoked by the sale.   Notice to the defendant was not necessary. (6 John. 274.   Co. Lit. 117, a. note 161, by Hargr. 12 John. 136.   1 Com. on Cont. 224-5.   1 Salk. 68. 1 Ves. Sen. 83.)

*Curia,* per SUTHERLAND, J.   The evidence, was, *prima facie,* sufficient to establish the fact that Peter was the slave of Paff.   Peter, himself, testified that he lived with Paff, and worked with him on his farm as a slave ; and that Paff claimed his services as a slave.   This was sufficient, in the first instance, without tracing him back to his infancy, and showing that he was born a slave.

That the contract between Paff and the plaintiff amounted to a sale of the negro there can be no doubt.   The latter was to have the services of Peter during his natural life ; but if he sold him within two years, he was to pay one half the amount received to Paff.   The plaintiff did not sell him ; and his interest became absolute and exclusive.   The object of the condition, on the part of Paff, was probably, to secure the labor of Peter upon the farm that he had leased to the plaintiff, by the same instrument which conveyed the slave for two and a half years.

Although Peter could not be held in slavery after 1827, still the sale was valid till that period, unless the plaintiff elected to avoid it on the ground of fraud or misrepresentation.   It transferred all the interest of Paff, whatever that was.

The judge properly ruled that it was not necessary to show notice of the plaintiff's claim to the negro, in order to entitle him to recover.

Evidence of advances made to the negro, while in the defendant's service, was, also properly excluded.   The case of *James* v. *Le Roy,* (6 John. 274,) is conclusive on both these points.

A slave stands on the footing of an apprentice, not of a *hired servant.*

The parol agreement of Paff, to manumit Peter, if he served faithfully for 5 years, was not a valid manumission. Such a manumission can only be in writing. (*Kettletas* v. *Fleet,* 7 John. 324. , *Wells* v. *Lane,* 9 John. 144. 14 d. 324.) The motion must be denied.

New trial denied.