JOHN MINOR, PLAINTIFF IN ERROR V. SHURBAL TILLOTSON.

What will be deemed sufficient evidence of diligent and sufficient search for a lost or mislaid original paper, to permit a copy to be read as secondary evidence.

The rules of evidence are adopted for practical purposes in the administration of justice. And although it is laid down in the books as a general rule, that the best evidence the nature of the case will admit of, must be given; yet it is not understood that this rule requires the strongest possible assurance of the matter in question. The extent to which the rule is to be pushed is governed, in some measure, by circumstances. If any suspicion hangs over the instrument, or that it is designedly withheld, a more rigid inquiry should be made into the reasons for its non-production. But where there is no such suspicion, all that ought to be required is reasonable diligence to obtain the original.

ERROR to the district court of the eastern district of Louisiana.

This case came before the court, and was argued by Mr Clay, for the plaintiff in error; and by Mr Webster, for the defendant.

The only point decided by the court, with the facts which presented it for consideration, are fully stated in the opinion of the court. Other questions in the case, in relation to the admission of testimony, were argued by the counsel for the parties; but the court considered them so imperfectly stated, as to require that another trial of the cause should take place in the court below.

Mr Justice THOMPSON delivered the opinion of the Court.

On the trial of this cause, in the district court of the United States for the eastern district of Louisiana, a bill of exceptions was taken to the ruling of the court in rejecting certain evidence offered by the plaintiff in support of the title set up by him, and the case is brought here by writ of error.

The bill of exceptions states that the plaintiff, having set up title to the premises in dispute by virtue of a sale fr⁓ general

Wade Hampton, dated the 5th of April 1819, then offered in evidence another paper purporting to be a copy of the grant, under which said Hampton claimed, which copy had been duly presented and registered by the land commissioners of this district, in the year 1806, having first proved that many of the ordinances of the Spanish governors of Louisiana had been deposited in the notarial office of Pedro Pedescloux, the notary, who certified the said paper under his hand and notarial seal; and who is now dead; and also having first proved that the original grant was once in the possession of general Wade Hampton, but that he had, by his attorney, applied to said Wade Hampton for it, who gave him a bundle of papers, saying, they were all the titles of his Houmas lands in his possession, but which bundle did not contain the original of the paper sought after: the plaintiff also offered in evidence the translation of said document, published by congress in the book called the Land Laws of the United States, pp. 954, 955, 956, published in the year 1828. These papers were objected to on the ground that they were not the best evidence, and that due diligenc  had not been used to procure the originals. And the court sustained the objection.

The document offered and rejected by the court, is to be considered as secondary evidence; and there can be no doubt that the plaintiff was bound to account for the non-production of the original. This is a document which the law does not presume to be in the possession of the plaintiff; it is the grant under which Wade Hampton claimed; a small part of which only was in question in this suit. The presumption of law therefore is, that the original deed was in the possession of Wade Hampton, and the plaintiff could not be bound to search for it elsewhere; there being no law in Louisiana requiring deeds to be recorded. And it was proved, as matter of fact, that it was once in his possession; at what time, however, is not stated; and the question is, whether such search was made for it as to justify the admission of secondary evidence. The rules of evidence are adopted for practical purposes in the administration of justice; and although it is laid down in the books as a general rule, that the best evidence the nature of the case will admit of, must be given; yet it is not under-

[Minor v. Tillotson.]

stood that this rule requires the strongest possible assurance of the matter in question.   The extent to which the rule is to be pushed in a case like the present, is governed in some measure by circumstances.   If any suspicion hangs over the instrument, or that it is designedly withheld; a more rigid inquiry should be made into the reasons for its non-production.   But when there is no such suspicion, all that ought to be required is reasonable diligence to obtain the original.   Has that been shown in this case?   The exception states, that it was *proved* to have been in the possession of Wade Hampton, and that on application to him, by the plaintiff's attorney, for it, he gave him a bundle of papers, saying, they were all the titles to his Houmas lands (the premises in question being a part of that tract); but which bundle, on examination, did not contain the original deed in question.   There was no other place to which the law pointed where search could be made; and nothing more could be required, unless it was necessary to have the oath of Wade Hampton that the deed was not in his possession.   But this we do not think, under the circumstances of this case, was necessary.   There do not appear any grounds for supposing the deed was designedly withheld; and the circumstances under which the search was made, were equivalent to the witness's having had free access to all Wade Hampton's papers, and proving that the deed could not be found among them.   The examination was made by the witness under all the advantages and prospect of finding the deed that could have been afforded to Hampton himself.   He was, for this purpose, in the possession of all his papers; and not finding it, the inference was very strong that it was lost.   And the antiquity of the deed, being dated in the year 1777, rendered its loss the more probable.

The case of Caufman v. Congregation of Cedar Spring, 6 Binney, 59, decided in the supreme court of Pennsylvania, goes very fully to establish that it was not necessary to have the testimony of Wade Hampton, under the circumstances of this case.   In that case a written agreement was placed in the hands of a common friend, who, upon his removal to another place, had put the paper into the hands of his father, who died.   After proofs of these facts, a witness swore that,

[Minor v. Tillotson.]

after the father's death, he, together with the son-in-law, *to whom all his papers came*, made diligent search among the father's papers, but could not find the writing. It was held that this was sufficient proof of the loss to lay the foundation for proving the contents of the paper, *without the oath* of the son-in-law himself, as to the search and not finding the paper.

We think the proof of the loss of the original deed was sufficient to let in the secondary evidence. We forbear, however, expressing any opinion upon the legal effect and operation of that deed.

The judgment of the court below must be reversed, and the cause sent back with directions to award a venire de novo.

There were several other exceptions taken to the ruling of the court, in relation to the admission of testimony, which we do not notice. They are so imperfectly stated, that it is difficult to understand what the real point of objection is; and no opinion can be expressed that will aid the court below on another trial.

Judgment reversed.

This cause came on to be heard on the transcript of the record from the district court of the United States for the eastern district of Louisiana, and was argued by counsel: on consideration whereof it is ordered and adjudged by this court, that the judgment of the said district court in this cause be, and the same is hereby reversed; and that this cause be, and the same is hereby remanded to the said district court with directions to award a venire facias de novo.