## HOGAN *v.* KURTZ.

1. The act of Congress, approved June 1, 1870 (16 Stat. 146), abolishing all fictions in ejectment within the District of Columbia, does not abolish that action, nor convert it into a writ of right.

2. Uninterrupted, open, visible, exclusive, and notorious adverse possession by the defendant, under a claim of title for twenty years, is a good defence, unless the other party is within some one of the exceptions contained in the Statute of Limitations; and proof of such possession is admissible under the general issue.

3. The Statute of Limitations, when it begins to run, will not be arrested by any subsequent disability; and a party, claiming the benefit of its exceptions, can only avail himself of the disability which existed when the right of action first accrued.

4. This action of ejectment was brought more than three years after the passage of the act of March 3, 1865, the second section whereof (13 Stat. 532) abrogated all exceptions in favor of parties beyond the District of Columbia, which, under then existing laws, might be replied or relied on in any action or proceeding brought in said District, with a saving as to actions then pending, or which might be brought within three years thereafter. The exception of those laws in favor of such of the grantors of the plaintiff as were foreigners and lived beyond seas was no longer in force.

ERROR to the Supreme Court of the District of Columbia.

The case is stated in the opinion of the court.

*Mr. Enoch Totten* for the plaintiffs in error.

*Mr. J. D. McPherson* and *Mr. George F. Appleby* for the defendant in error.

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Fictions in pleading in actions of ejectment in the courts of this District are abolished, and the provision is, that "all actions for the recovery of real estate in the District shall be commenced in the name of the real party in interest, and against the party claiming to own or be possessed" of the same. 16 Stat. 146.

Certain described parts of lot numbered 17, in square 377, according to the recorded plat of the city, were, on the 11th of June, 1870, in the possession of the defendant; and it appears that the plaintiffs, claiming to own the premises, sued the defendant on that day to recover the same, alleging that they, on the 12th of October previous, were lawfully possessed of the premises, and that the defendant then and there unlawfully entered the premises and ejected the plaintiffs therefrom, and that she has

ever since and now does unlawfully detain the same, claiming both the property and the right to possess the same.

Service was made; and the defendant appeared and filed two pleas: 1. That she is not guilty in manner and form alleged in the declaration. 2. That the lot of land described is, and was at the time alleged, the property of the defendant, and that being justly entitled to the possession thereof she lawfully entered into the premises.

Issue was duly joined by the plaintiffs; and the parties subsequently went to trial, which resulted in a verdict and final judgment for the defendant. Exceptions were filed by the plaintiffs, and they sued out the present writ of error.

Six errors are assigned by the plaintiffs, as follows: 1. That the action is not barred by the limitation of twenty years, the same having been commenced since the act of Congress abolishing fictions in pleading in actions of ejectment. 2. That the court erred in admitting evidence to establish adverse possession by the defendant, the Statute of Limitations not having been pleaded. 3. That the court erred in admitting in evidence the record of the former ejectment suit, the same having been commenced before fictions in pleading in such suits had been abolished, and because the holding of the testatrix of the defendant was in subordination to the heirs. 4. That the court erred in admitting parol evidence to show that the first husband of the testatrix of the defendant, under whom she claims, was duly naturalized. 5. That the court erred in refusing the prayer of the plaintiffs, that the Statute of Limitations did not run against the four grantors of the plaintiffs who were foreigners, and resident beyond seas. 6. That the court erred in refusing to give the prayer of the plaintiffs, that they must recover the two-fifths of the property which belonged to their two female grantors, who, having married in 1845, could not be affected by the Statute of Limitations, it appearing that the second husband of the testatrix disclaimed all title to the premises during their coverture.

Exceptions not assigned as error will not be examined.

Prior to the passage of the act abolishing fictions in pleading in actions of ejectment, it is conceded that the limitation in such cases was twenty years; but the proposition is submitted

by the plaintiffs that the act referred to converts the action, where it is brought in the name of the real party, into a writ of right, and that it extends the limitation to the same period as that which is by law allowed for remedies in that form of proceeding. Nothing of the kind is found in the language of the act, and no authorities are cited in support of the proposition, or which give it any countenance whatever. Fictions are abolished where the pleading is in ejectment; but the action of ejectment is not abolished, nor is there any provision in the act making any other alteration in the form of the action than that it shall be commenced in the name of the real party in interest, and against the owner or the party in possession. Jackson on Real Actions, 284.

State laws abolishing such fictions sometimes provide what the effect of the new provision shall be, and it is settled law that the State regulation in that regard is a rule of property which the Federal courts must follow. *Miles* v. *Caldwell,* 2 Wall. 43; *Blanchard* v. *Brown,* 3 id. 249.

Alterations of the kind, it is usually held, place the final judgment in ejectment upon the same footing as judgments in other actions; but there is no trace of authority, either in State legislation or in judicial decision, to show that the provision abolishing such fictions in the action of ejectment converts the action into a writ of right, or that the action, when commenced in the name of the real party against the owner or the party in possession, falls under any other rule of limitation than the action of ejectment when commenced in the old form, unless the statute abolishing such fictions contains some provision warranting such a construction. *Barrows* v. *Kimball,* 4 id. 403.

Beyond question, the action is still an action of ejectment, and the plaintiff must still recover on the strength of his own title, and not on the weakness of that of his adversary. *Watts* v. *Lindsey,* 7 Wheat. 161; *Gilmer* v. *Poindexter,* 10 How. 267.

Evidence to prove adverse possession in an action of ejectment is admissible though the Statute of Limitations is not pleaded in defence. *McConnel* v. *Reed,* 4 Scam. 124; Stearns on Real Actions, 241.

Ejectment cannot be maintained, unless it be brought within twenty years next after the right of entry accrued; and it

follows that adverse possession in the defendant for twenty years is evidence of title in the possessor, and constitutes a good defence to the action. 1 Chitty, Pl. (16th Am. ed.) 213; *Hallet* v. *Forest*, 8 Ala. 264; *Hammond* v. *Ridgely*, 5 Harr. & Johns. 151; *Jackson* v. *Brink*, 5 Cow. 480; *Briggs* v. *Prosser*, 14 Wend. 227; *Jackson* v. *Harder*, 4 Johns. 202.

Adverse possession under a claim of right, if uninterrupted, open, visible, and notorious, may be set up in such an action, not only as a defence to the cause of action set forth in the declaration, but to show the nullity of any conveyance executed by any one out of possession. *Bradstreet* v. *Huntington*, 5 Pet. 438; Angell on Lim. (6th ed.) 386; 2 Greenl. Evid. (12th ed.), sect. 430; *Hawk* v. *Genseman*, 6 G. & R. 21.

Two objections were made to the admissibility of the record of the former ejectment suit, as follows: 1. Because the parties were fictitious, the suit having been commenced before fictions in pleading were abolished in such actions. 2. Because the defendant, as the plaintiffs allege, held the premises in subordination to the title of the heirs-at-law.

Sufficient has already been remarked to show that the first objection is without merit, for the reason that the record was not offered or admitted as a bar to the present suit, and also for the reason that it tended to show that the defendant claimed to hold the premises adversely to the heirs; nor is there any legal merit in the second objection, as the question whether the possession of the defendant was or was not adverse to the heirs was plainly a question of fact for the jury, and must be considered as concluded by the verdict.

By the record, it appears that the testatrix of the defendant was twice married; that her first husband immigrated here in the year 1794, married here, purchased the lot in question, and built a house on it as a family residence; that they never had any children, and that he died in 1828, leaving her surviving him; that she married a second husband, whom she survived, and died testate in 1869, devising the property to her sister, the defendant in error.

Throughout her life, subsequent to the decease of her first husband, the testatrix held actual, exclusive, continuous, visible, and notorious possession of the property, and the evidence is

full to the point that the defendant, as her devisee, continued so to hold the same from the death of the testatrix to the present time.    Forty-two years elapsed after the death of the first husband of the testatrix before the present suit was commenced, the plaintiffs claiming to be collateral heirs or the representatives of collateral heirs.

Where there are no descendants or kindred of the intestate to take the estate, the law of descents applicable in the case provides that the estate "shall then go to the husband or wife, as the case may be." *Spratt* v. *Spratt*, 1 Pet. 343.

Provision is also made by a subsequent statute, that any foreigner may, by deed or will to be hereafter made, take and hold land within this District in the same manner as if he was a citizen; "and the same lands may be conveyed by him, and be transmitted to and be inherited by his heirs and relations, as if he and they were citizens." *Same* v. *Same*, 1 id. 344.

Beyond doubt, the first husband immigrated here from Ireland; but the record shows that he filed his declaration of intention to become a citizen July 11, 1801, six years or more after he arrived here and settled in this District.    Documentary proof that he took out his second papers is wanting; and the plaintiffs contend that he could not have been naturalized when he purchased the lot in question, because three years from the time he filed his declaration of intention had not then elapsed, and they refer to the act of the 29th of January, 1795, in support of the proposition.    1 Stat. 414.

Tested by that act, the proposition would be correct; but the act of the 4th of April, 1802, provides that any alien, who was residing within the limits and under the jurisdiction of the United States before the 29th of January, 1795, may be admitted to become a citizen on due proof made to some one of the courts, previously named, that he has resided two years at least within and under Federal jurisdiction, and one year at least immediately preceding his application within the State or Territory where such court is at the time held.    2 id. 154.

Proceedings of the kind are required to be recorded; but it was proved or conceded that the records of such proceedings in this District were destroyed many years ago; and in view of that fact, and of the long period between the purchase of the

property and the other evidence exhibited in the record, the court left the question whether the party was or was not naturalized to the jury, and they found the issue in favor of the defendant. Seasonable objection was made by the plaintiffs to the admissibility of the parol evidence, and they now contend that the court erred in admitting secondary evidence to prove that that party became a citizen.

Enough appears to show that he possessed every requisite qualification to enable him to become a citizen at any time, and that he constantly exercised rights belonging to citizens; and, in view of the great lapse of time since he acquired the property, the court here is clearly of opinion that the assignment of error must be overruled.

Suppose that is so, still the plaintiffs contend that the court erred in refusing the prayer of the plaintiffs that the Statute of Limitations did not run against the four grantors of the plaintiffs who were foreigners and residents beyond seas.

Persons beyond seas, it is admitted by the defendant, are within the exceptions contained in the Statute of Limitations originally applicable in this District. Grant that, still the defendant contends that the case is controlled by the more recent act of Congress, which provides that all exceptions in favor of parties beyond the District of Columbia, which may, by existing laws, be replied or relied on in any action or proceeding brought in said District, "are hereby repealed and abrogated," with a saving clause for pending actions, and such as should be brought within three years from the passage of the act. 13 Stat. 532.

Passed as that act was five years before the present suit was commenced, it is clear that the plaintiffs are not within the saving clause, and that the prayer for instruction was properly refused.

Two of the grantors were females resident abroad, and the record shows that they were married in 1845; and the plaintiffs contend that the court erred in refusing the prayer of the plaintiffs that they must recover the two-fifths of the property which belonged to their two female grantors, who, having been married at the time mentioned, could not be affected by the Statute of Limitations.

Attempt to take their case out of the operation of the rule applied to the other four grantors is made upon the ground that the second husband of the testatrix disclaimed the title during their coverture, but the better opinion is, that his disclaimer did not in any manner affect the possession and claim of the wife, and such, it would seem, must have been the finding of the jury. Concede that, and it follows that the Statute of Limitations commenced to run seventeen years before the marriage of the two grantors, which brings their case within the established rule, that, when the statute has begun to run, it will continue to run without being impeded by any subsequent disability. Angell on Lim. (6th ed.), sect. 477; *Currier* v. *Gale*, 3 Allen, 328; *Smith* v. *Clark*, 1 Wils. 134; *Demorest* v. *Wynkoop*, 3 Johns. Ch. 138; *Eager* v. *Com.*, 4 Mass. 132.

Disabilities which bring a party within the exceptions of the statute cannot be piled one upon another, but a party claiming the benefit of the exception can only avail himself of the disability existing when the right of action first accrued. *Mercer's Lessee* v. *Selden*, 1 How. 37.

Possession of an adverse character, and decidedly hostile to the claim of the heirs-at-law, was maintained by the testatrix of the defendant for more than forty years, claiming to own the premises in her own right; and the court here is inclined to concur with the court below, that the question whether or not her first husband was ever naturalized is a matter of no consequence, as her possession was not affected by that consideration. No such disability attached to the testatrix; and the evidence is beyond dispute, that she was capable of acquiring an interest in the premises by any of the methods known to the laws of the District.

Abundant proofs are exhibited in the record to show that she had been in the possession of the property from the decease of her first husband to the time of her own death, claiming to own it in her own right, and renting it and using it under a claim that it was her own property. Such a possession so evidenced usually affords a presumption that the occupant claims the property, and where it is adverse, open, visible, and continuous for twenty years, it is sufficient evidence of title to toll the real owner's right of entry, unless he can prove that he was within

some one of the exceptions contained in the Statute of Limitations, even in a jurisdiction where those exceptions are still in force.

Better proof to show that persons claiming title to the premises were notified that her possession was adverse and hostile to their claim can hardly be imagined than what is exhibited in the case before the court. Thirty years before the present suit was commenced, a common-law action of ejectment was instituted for the same premises, in which the father and the grantors of the plaintiffs were described as the lessors of the fictitious plaintiff in the suit, and it appears that the suit was defeated by the testatrix of the defendant, aided by her second husband, then in full life.

Viewed in any light, we are all of the opinion that there is no error in the record.        *Judgment affirmed.*