RUSSELL & CO., PLAINTIFFS IN ERROR, v. W. WOHLER AND W. THIES, DEFENDANTS IN ERROR.

**Warranty:** CONTRACT: RESCISSION. Where a reaper is sold and warranted to do good work, and that if it fails in this respect it shall be replaced by another, or be taken back and the money or notes be returned, and it worked badly and was returned to and accepted by the agent of the manufacturers, the failure of the manufacturers, after notice of the fact, to put the machine in good working order, or to replace it with a good one, must be taken as a full acquiescence on their part in the act of their agent; and such return of the machine to and acceptance of the same by the agent, under the circumstances, constitutes a rescission of the sale contract, and entitles the purchaser to a return of the money or notes given for the same.

ERROR to the district court for Cuming county. Tried below before VALENTINE, J.

The action was originally brought in the probate court, to recover on a promissory note of $60. Plaintiffs had judgment there, and defendants appealed to the district court. In the district court the defendants set up a counter-claim for $350. The jury returned a verdict for defendants, and judgment was rendered against

the plaintiffs for costs. They brought the cause here upon a petition in error.

*Uriah Bruner*, for plaintiffs in error, contended, *inter alia:* Parol testimony is not admissible to prove the contents of a written instrument unless the original is lost or in the hands of the adverse party, and he has been notified to produce the same. Gen. Statutes, 591. 1 Greenlf. Ev., 87, 88. The whole of what has been said at the time and relating to the same subject matter must be given in evidence—the whole of an admission must be offered together—and the rules of evidence are well established, that if a party offers a letter purporting to be an answer written to the adverse party, the adverse party must be notified before the trial to produce said letters, or the former will not be permitted to offer the same, if objected to. 1 Greenlf. Ev., 201 and foot note. Best Ev., 520. An agency cannot be proven by the mere statement of the alleged agent, unless it is part of the *res gestœ*. Fenlon's alleged agency cannot be shown by himself, because he has not shown himself competent to testify to the fact, or that his alleged appointment was not in writing. 2 Greenlf. Ev., 63. *Whiteside v. Margarel*, 51 Ill., 507.

*Crawford & McLaughlin*, for defendants in error.

No brief on file.

GANTT, CH. J.

This action was brought by plaintiffs in error against defendants upon a note given by them for a " Russell " reaper and mower in 1873. A large amount of immaterial testimony was introduced on the trial; but it is only necessary to refer to the following facts in the case.

James Fenlon, of Council Bluffs, was the general

agent for the plaintiffs in Nebraska, and he appointed C. F. Mewis and Brother, at Wisner, Nebraska, to sell machines. The agents, Mewis and Brother, sold a machine to the defendants, for which the note in suit was given in part payment. It worked badly and frequently broke down. One of these agents was present on the second day the defendants tried to use it, and he attended several times afterwards, endeavoring to put the machine in working order, but he failed to succeed, and after a few days trial, without success, he told the defendants to return the machine. They did return it, and it was accepted by the agents, who then loaned to the defendants a Johnson harvester to cut their grain that season. The machine was warranted, but W. Wohler, one of the defendants, testifies that the warranty given to defendants was burnt; and August Mewis, one of the agents, testifies that the warranty was printed in a pamphlet of Russell & Co., and that the machine was warranted to do good work, and if it failed in this respect it should be replaced by another, or be taken back and the money or notes be refunded. He further testified that by letter he corresponded with Russell & Co. and James Fenlon in regard to the machine the defendants returned, and received replies from them, and that Russell & Co., in their reply, stated they would send a man from their shop to put the machine in order, but did not do so.

The plaintiffs' counsel objected to this parol evidence in respect to these letters. The proofs, however, show that these letters were produced by the agent as a witness in the case of *Russell & Co. v. Higgondon* before the probate court, and were left in that court, and that he never saw them afterwards. E. N. Sweet, the probate judge at the time, also testifies that Mewis produced the letters as a witness in that trial, and that they were not returned to him. Sweet further says that he has examined the files in the case of *Russell & Co. v.*

*Higgondon*, and could not find the letters. Under the rule laid down in *Minor v. Tillotson*, 7 Peters, 101, this was sufficient proof to let in the secondary evidence.

We think that, under the circumstances shown by the facts in this case, the failure of the plaintiffs to put the reaper in good working order, or to replace it with a good machine, must be taken as a full acquiescence on their part in the acts of their agents; and that the return of the machine by the defendants, and its acceptance by the agents, was a rescission of the sale to the defendants, and thereupon they became entitled to the return of their notes. And as this conclusion is decisive of the case, it is unnecessary to discuss other questions raised upon the argument.

The judgment of the court below must be

AFFIRMED.