## MORRIS *v.* WHEAT.

Appealable Orders; Pleading; Ejectment.

1. An order striking out a plea of the Statute of Limitations to a declaration in ejectment, does not involve the merits of the action, and is, therefore, not an appealable order within the meaning of R. S. D. C., Sec. 772.
2. It is not necessary in ejectment to plead the Statute of Limitations, so as to have the benefit of it, when the general issue is pleaded, as evidence of adverse possession is admissible under the general issue, the reason being that adverse possession for the statutory period of limitation not only bars such an action but creates a title in the possessor.

No. 64. Submitted September 21, 1893.—Decided October 2, 1893.

HEARING on appeal by the defendant from an order of the Supreme Court of the District of Columbia, holding a law term, striking out a plea of the Statute of Limitations to a declaration in ejectment. *Appeal dismissed.*

THE COURT in its opinion stated the case as follows:

This is a suit in ejectment, instituted by the appellees, Wheat, Baker, and Parker, claiming as tenants in common in fee simple, to recover the possession of a part of lot 21, in square 117, in the city of Washington from which they allege themselves to have been unlawfully ousted by the defendants in 1879. After a demurrer filed by the defendants, sustained by the special term, but overruled by the general term on appeal, the defendants interposed two pleas to the declaration —one the general issue, "not guilty," and the other a special plea of the Statute of Limitations. Upon motion of the complainants, this second plea was stricken out; and from the order striking it out the present appeal was taken to the general term, and was transferred to this court under the seventh section of the act of Congress creating this court.

*Mr. Frank W. Hackett* for the appellant:

The " consent rule " required of a defendant that he should plead in ejectment the general issue only.   Our statute of 1870, abolishing fictions, has swept away the consent rule and its technical requirements.   By abolishing fictions, and giving to the judgment a conclusive effect that it never before had, legislation has put ejectment on a footing with other actions, so far as the rights of a defendant are concerned.

*Mr. H. O. Claughton* for the appellee:

A plea of the Statute of Limitations to a declaration in ejectment, is equivalent to the general issue, and is therefore bad, and the motion to strike out must prevail.   2 Chitty's Pleading, 16th ed., 209, 214; Tyler on Ejectment, p. 463; *Greer* v. *Mezes*, 24 How., 268 ; *Hogan* v. *Kurtz*, 94 U. S., 773.

Mr. Justice MORRIS delivered the opinion of the court:

The decision on the demurrer is not before us, but only the action of the special term in striking out the defendant's plea of the Statute of Limitations.   The defendants, who are the appellants, claim that they are entitled of right to their plea of the statute; and that this plea would tend to elicit an issue on the question of any existing disability that might be claimed to remove the bar of the statute.   On the part of the appellees it is claimed that the plea of the Statute of Limitations is unnecessary, and that the only proper plea in ejectment is the general issue, " not guilty."

It is not apparent to us that the order of the special term, from which this appeal has been taken, is one that involves the merits of the action, and from which, under Section 772 of the Revised Statutes of the United States for the District of Columbia, an appeal would lie to the general term.   It is true that in ejectment, equally as in other cases, a defendant is entitled to the benefit of the Statute of Limitations, whenever he chooses to avail himself of it.   But differently from

other cases, it is not necessary in ejectment to plead the statute, so as to have the benefit of it. This was decided as long ago as the time of Lord Mansfield, 1 Burrow, 113. And the rule has been universally adopted in this country. In the case of *Hogan* v. *Kurtz*, 94 U. S., 773, which went up from this District, the Supreme Court of the United States said:

" Evidence of adverse possession in an action of ejectment is admissible, though the Statute of Limitations is not pleaded in defense."

The reason of this is that adverse possession of real estate for the statutory period of limitation not only bars an action of ejectment, but by the terms of the statute creates a title in the possessor.

It seems to be unnecessary, therefore, to plead the Statute of Limitations in ejectment, when the general issue has been interposed. That the pleading of it might possibly have some beneficial results, as claimed by the appellants, is an argument that addresses itself to the discretion of the court, and is based upon no legal right. It might not have been at all improper to permit this plea to stand; but the defendants are deprived of no right by its elimination. They are not precluded by this action of the court from making any defense under the general issue which they might have made under the plea of the Statute of Limitations. Their rights are in no manner whatever affected.

It necessarily follows that this order does not involve, or even affect, the merits of the action; and that the order is not an appealable order. The appeal, therefore, must be *dismissed, with costs.*

The appellant moved for a re-hearing upon the ground that Section 7 of the act creating this court (27 Stats., 435) made it the duty of the court to hear all causes pending at the date of the act, in the General Term of the Supreme Court of the District of Columbia, irrespective of the question of whether the order from which an appeal had been taken to

the General Term, was an appealable order or not; that the appellate jurisdiction of the General Term having been abolished, the only inquiry which this court could make, in determining its right to assume jurisdiction, was to ascertain whether this cause was, at the date of the act in question, pending in the General Term; that this court is not called upon to determine questions of the jurisdiction of the General Term, since such a decision could no longer be of any consequence; and that Congress intended that all appeals pending in the General Term should be heard on their merits.

The motion for a re-hearing was denied.