UNITED STATES v. PRICE et al.

(District Court, S. D. Florida. December 21, 1901.)

1. BEST AND SECONDARY EVIDENCE—RES JUDICATA.

Where the evidence shows beyond question that the records of a case have been destroyed by no fault of the defendant, oral testimony may be admitted upon the plea of res judicata.

2. SAME—SUFFICIENCY.

The same testimony that would justify the re-establishment of a lost record should be accepted to support such plea.

Suit at Law upon Mail Contractor's Bond.

J. N. Stripling, U. S. Dist. Atty.

John W. Price, in pro. per.

LOCKE, District Judge. This suit was brought July 1, 1897, against the principal and sureties upon a mail contractor's bond executed June 25, 1867, in which the performance of the contract was to have been completed in 1871. Both sureties are now dead. The defendant pleads that the cause is res judicata, for that in the year 1873 it was finally adjudicated by this court at Jacksonville, Fla.; that suit was brought against the principal and sureties upon this bond, and judgment then and there rendered for the defendants.

It has been proven beyond any question of doubt that in May, 1891, the court house in Jacksonville, together with all of the records of the clerk's and district attorney's offices, was burned, and all the records and documents therein filed destroyed. The defendant has introduced oral testimony of the trial and determination of this case, the finding of the verdict, and entry of the judgment in his favor. If such testimony is admissible, the court must necessarily sustain the plea of res judicata.

The general rule, prohibiting the introduction of oral testimony in matters where record evidence should be produced, is well established, but to this there are numerous exceptions. Minor v. Tillotson, 7 Pet. 99, 8 L. Ed. 621; Tayloe v. Riggs, 1 Pet. 591, 7 L. Ed. 275; Greenl. Ev. § 509, and numerous cases there cited; Dunbar v. U. S., 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390. In this case the absence of record evidence is satisfactorily accounted for, as it is

proven beyond a possibility of a doubt that if there ever were originals of such a verdict and judgment they were destroyed and lost without any fault of the defendant.

The regular way to proceed in such an action would be to restore the lost record by a formal proceeding for that purpose. Can the effect of that lost record be reached in any other way? In the case of Hogan v. Kurtz, 94 U. S. 773, 24 L. Ed. 317, objection was made by the plaintiff that the introduction of parol evidence was permitted to establish a record of naturalization, and upon appeal the supreme court held that the assignment of error must be overruled, saying that proceedings of that kind were required to be recorded; but the records in that district had been destroyed many years ago, and whether or not the party was naturalized was properly left to the jury upon the parol evidence.

In this case a jury has been waived, and the findings of fact devolve upon the court. The parol evidence is positive in regard to the former trial, the term of the court, the circumstances and facts attending it, the evidence presented by the defendant of the performance of the contract entered into, the instructions to the jury upon which they found for the defendant, and the entry of the judgment in his favor. More than 25 years have elapsed, and both of the sureties upon the bond, and all of the witnesses by whom the performance of the contract could be proven, are dead. I consider it may well be said that, in view of the great lapse of time that the rights of the government have been permitted to rest without being enforced, the presumption is that there had been some determination of the matter, as testified to by the defendant. Had the same evidence that has been given in this case been given upon an application to re-establish the lost record of the judgment, it would have been the duty of the court to order such re-establishment. Would the law require that proceedings be instituted for the establishment of the record, where the same result could be reached by the very evidence now offered to establish the truth of that for which the record is only required? I do not consider that the prohibition against the introduction of secondary evidence demands it. It is therefore found that the oral testimony that has been offered by the defendant of the adjudication of the question now before the court, and the finding in his favor, is admissible, and sustains the plea.

This justifies a finding in favor of the defendant, and it is so ordered.