Florsheim v. Palmer.

---

**Simon Florsheim v. William H. Palmer, Ex'r, etc., for the Use of the Northern Trust Co., Trustee.**

1. EVIDENCE—*Contents of Lost Instruments.*—The question as to whether sufficient proof has been given of the destruction or loss of an instrument to lay the foundation for the admission of secondary evidence of its contents, is a question resting in the sound discretion of the court. It is not necessary that proof of loss be beyond the possibility of mistake, but only to a moral certainty; reasonable proof; such as, according to the circumstances of the case, convinces the judgment that a *bona fide* search has been made and reasonable diligence and effort used in all places, and from all sources and means of discovery which the nature of the case would naturally suggest, and which were accessible to the party offering the secondary evidence.

2. SURETIES—*Where Rules of Law Applicable to Are Not Controlling.*—The rules applicable to sureties are not controlling in a case where all are principals and the obligors have received—not a mere nominal consideration, or none at all—but an actual, and as they deemed, adequate reward.

3. DEMAND—*When a Suit is Sufficient and When It is Not.*—Where a party promises to pay his own debt on demand, a suit is a demand; but when his undertaking is to pay if a certain thing happens, neither the amount to be paid, nor the time when payment, if ever, will be due, being known, and the happening of the event upon which payment depends lies peculiarly in the knowledge of the obligee, demand of payment is necessary before bringing suit.

Assumpsit, on a penal bond. Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard

in the Branch Appellate Court at the October term, 1900.   Reversed.
Opinion filed January 21, 1902.

Statement.—Simon and Philip Florsheim entered into
bond to Marie M. Fenton, executrix, conditioned as follows:

" The condition of the above obligation is such, that
whereas, the said Marie M. Fenton, executrix, has been dam-
aged in the possession of certain premises known as Nos. 211
and 213 Wabash avenue, in said city of Chicago, and is about
to commence suit against Cyrus M. Hawley and others to
collect said damages, and whereas the above bounden Philip
and Simon Florsheim, as the agents, and for said Cyrus M.
Hawley, desire to go in and upon said premises and remove
a certain wall, and future and further damages may result
to her.   Now, in consideration of the premises, we obli-
gate ourselves in the event said suit shall fail, or in the
event a judgment should be rendered in her favor for less
than the sum of $2,000 upon the trial of said cause, to
immediately thereafter upon demand to pay to her or her
attorney the sum of $2,000 and the costs of said suit.   Any
judgment in excess of said sum to belong to her, but if any
judgment is rendered for less than said sum of $2,000, the
same is to belong to us upon payment of said $2,000 and
costs as aforesaid.

Now, if the said Philip and Simon Florsheim shall per-
form all the covenants above mentioned, then this obli-
gation to be void, otherwise to remain in full force and
effect."

Thereafter Marie M. Fenton began suit against Cyrus
M. Hawley to collect the damages alluded to in the bond,
and obtained therein a judgment for $1,300.   She having
died, action was brought upon the bond by her executor,
and he has recovered a judgment for $700, from which this
appeal is prosecuted.

MORAN, MAYER & MEYER, attorneys for appellant.

FRANCIS M. WALKER, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It is urged that there was not sufficient evidence of the
loss of the bond to warrant secondary evidence of its con-
tents.   Whether sufficient proof has been given of the

destruction or loss of an instrument to lay the foundation for admitting secondary evidence of its contents is a question resting in the sound discretion of the court. It is not necessary that proof of loss be beyond the possibility of mistake, but only to a moral certainty; reasonable proof; such as, according to the circumstances of the case, convinces the judgment that a *bona fide* search has been made and reasonable diligence and effort used in all places and from all sources and means of discovery which the nature of the case would naturally suggest, and which were accessible to him who offers the secondary evidence. It is not necessary that all the papers of a great office in which the lost instrument might reasonably be thought to be, be examined, but such files, compartments and places as the evidence shows it might in the course of affairs have been placed in, should be. Search in good faith must be made to appear. 1st Ed. Am. & Eng. Ency. of Law, Vol. 13, p. 1095; Carr v. Miner, 42 Ill. 179; United States v. Sutter, 21 How. 170–175; Miner v. Tillotson, 7 Peters, 99; Gathercole v. Miall, 15 M. & W. 319; Page v. Page, 15 Pick. 368; Viles v. Moulton, 11 Vt. 479; Taylor v. Clark, 49 Cal. 671.

"If a paper is shown to have been in particular hands, then the person must be produced into whose hands it has been traced; or if the natural and legitimate presumption is that it is in certain hands, then it must be proved by legal evidence that it is not there, before secondary evidence of its contents is admissible. The evidence must satisfy the court that the paper is destroyed or can not be found." Mullanphy Savings Bank v. Schott et al., 135 Ill. 655.

We see no sufficient reason for holding that the court improperly exercised its discretion in admitting secondary evidence of the contents of the bond.

Nor do we think that the commencement and prosecution to judgment of the suit against Cyrus M. Hawley only, was not a compliance with the conditions of the obligation. By giving this bond, to which there are no sureties, the obligors obtained leave, "as the agents of Cyrus M. Hawley," to go in and upon the premises of the obligee and remove a

certain wall from which it was agreed future and further damages might result to her.

The recital that Marie M. Fenton was about to commence suit against Cyrus M. Hawley and others was not an agreement so to do, nor was a suit against others as well as against Hawley made a condition of the bond. A suit in trespass against Hawley and two irresponsible persons would have been a compliance with the language as to "others," although a recovery as to Hawley alone, or no recovery against any one, was had.

The bond when accepted by the obligee amounted to a permit to the obligors "as the agents and for Cyrus M. Hawley" to go upon the premises of appellee and remove a certain wall, and was in effect an undertaking by the obligors that she should obtain judgment against Hawley for at least $2,000. The undertaking of the obligors was to, after the termination of the suit against Hawley, "immediately upon demand, pay to her or her attorney the sum of $2,000, and the cost of said suit," if the suit against Hawley should fail or the judgment therein be less than $2,000; a judgment for less than $2,000, to belong to them upon payment of such $2,000.

The rules applicable to sureties are not controlling in a case where all are principals, and the obligors have received —not a mere nominal consideration, or none at all—but an actual, and as they deemed, adequate reward.

It is urged that the rule as to promissory notes payable upon demand is applicable to this undertaking. The distinction between debts and notes payable on demand and the obligation under consideration is, that in case of precedent debts payable on demand the amount of the same is fixed and known when the undertaking is made; that this sum will have to be paid at some time is also known.

Whether the obligors in the present case could ever have anything to pay, as well as, if anything, how much, and when, were things which, at the making of the bond, nobody knew. So as it appears the first that the obligors knew that the suit against Hawley had resulted in a judgment against him was when suit was brought against them.

If without demand the present suit was, under such circumstances, maintainable, it follows · that had obligors, upon being sued, gone at once and paid the $700, they must also have paid the costs of this suit up to that time incurred.

The position of appellee is that obligors defaulted in the payment of $700, so soon as judgment against Hawley was had, without notice or knowledge that any judgment against him had been rendered; and that consequently, without notice or demand, they can be cast in costs.

When a party promises to pay his own debt on demand, a suit is a demand; when his undertaking is to pay if a certain thing happens, neither the amount to be paid, nor the time when payment, if ever, will be due, being known, and the happening of the event upon which payment depends · lies peculiarly in the knowledge of the obligee, demand of payment is necessary before the bringing of suit.   Nelson v. Bostwick, 5 Hill (N. Y.) 37–42;  Watson v. Walker, 23 N. H. 471;  Whitton v. Whitton, 38 N. H. 127;  Dix v. Flanders, 1 N. H. 246.

There not having been a previous demand, appellee was not entitled to maintain this action.   Only for the error of law in this regard is the judgment of the court below reversed without a remandment of the cause.

The judgment of the Superior Court is reversed.