119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lynne H. SWACKHAMMER, Plaintiff-Appellant,
v.
Sheila WIDNALL, Secretary of the U.S. Department of the Air
Force; Henry Blankenship, individually & as an employee of
the U.S. Air Force; Henry L. Blankenship; Jane Doe
Blankenship, husband & wife & the marital community thereof;
John Doe Hunt, individually & as an employee of the U.S.
Air Force; John Does, 1-10, individually & as employees of
the U.S. Air Force; United States of America; James D.
Brown, individually & as an employee of the U.S. Air Force;
Brian A. Erickson, individually & as an employee of the U.S.
Air Force, Defendants-Appellees.
 No. 96-35587.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1997**
July 21, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, D.C. No. G95-00573-WLD; William L. Dwyer, District Judge, Presiding.
 MEMORANDUM*
 Before: REAVLEY,*** O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 On April 14, 1995, Lynne H. Swackhammer brought this action based upon her claim that a United States Air Force recruiting officer, Henry Blankenship, sexually harassed and abused her when she sought to join the Air Force in December of 1985. The district court granted summary judgment against her and dismissed the action on the ground that it was barred by statutes of limitations. Swackhammer appealed, and we affirm.
 
 
 2
 The statute of limitations for her claim under the Federal Tort Claims Act is two years. See 28 U.S.C. § 2401(b). It commenced to run when Swackhammer knew or had reason to know the existence and cause of her injury. See United States v. Kubrick, 444 U.S. 111, 118-125, 100 S.Ct. 352, 357-61, 62 L.Ed.2d 259 (1979); Herrera-Diaz v. United States Dep't of Navy, 845 F.2d 1534, 1536 (9th Cir.1988). The statute of limitations for her Bivens[1] claim is the general three-year statute of limitations under Washington law. See Wash.Rev.Code § 4.16.080(2); Owens v. Okure, 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989); Van Strum v. Lawn, 940 F.2d 406, 409-10 (9th Cir.1991). It commenced to run when Swackhammer knew or had reason to know of the injury which is the basis of her action. See Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir.1991).
 
 
 3
 There can be no dispute that Swackhammer knew of the wrong inflicted by Blankenship and of its cause right away. Indeed, she told a friend about it within a few months of its occurrence, and, by then, she had even been told by other Air Force recruiters that Blankenship had lost his position because of his sexual indiscretions. Obviously, the action accrued by then, and the statutes of limitations commenced to run. Just as obviously, those statutes expired long before this action was brought, unless something intervened to toll them. Nothing did.
 
 
 4
 Swackhammer has presented no evidence that Blankenship, or anyone else, somehow induced her to think that nothing was amiss. Cf. Simmons v. United States, 805 F.2d 1363, 1365-66 (9th Cir.1986). Moreover, while she claims to have repressed the memory of the injury for a long time, even if that were considered to be a disability it would not help her case. The action accrued, and the statutes started to run before the alleged disability occurred, and tolling requires that the disability exist at the time of accrual of the action. See, e.g., Wash.Rev.Code § 4.16.190; Hogan v. Kurtz, 94 U.S. 773, 779, 24 L.Ed. 317 (1876); McAuliff v. Parker, 10 Wash. 141, 146, 38 P. 744, 746 (1894); Pedersen v. Washington Dep't of Transp., 43 Wash.App. 413, 422, 717 P.2d 773, 779 (1986). Similarly, equitable tolling is not available. That doctrine is applied sparingly. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990); Zeier v. United States Internal Revenue Serv., 80 F.3d 1360, 1365 (9th Cir.1996). Nothing the government did prevented Swackhammer from pursuing her action against it. Cf. Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207-08 (9th Cir.1995). Her attempt to fall back upon her assertion of disability simply evinces a desire to avoid the solid rule that once the statute of limitations starts, a later disability will not stop it.
 
 
 5
 Next, the evidence does not show that anything was fraudulently concealed from her, or that she was misled by the United States. On the contrary, she was well aware of what happened, that it was wrong, and that Blankenship had been disciplined for that sort of conduct. Cf. Gibson v. United States, 781 F.2d 1334, 1345 (9th Cir.1986); Rutledge v. Boston Woven Hose & Rubber Co., 576 F.2d 248, 249-50 (9th Cir.1978). Finally, absent some affirmative misconduct on the part of the government, it cannot be equitably estopped, even if it were negligent. See Heckler v. Community Health Servs., 467 U.S. 51, 59-61 & nn. 12, 13, 104 S.Ct. 2218, 2223-24 & nn. 12, 13, 81 L.Ed.2d 42 (1984); Seldovia Native Ass'n, Inc. v. Lujan, 904 F.2d 1335, 1347 (9th Cir.1990); Watkins v. United States Army, 875 F.2d 699, 706-07 (9th Cir.1989) (en banc). No such misconduct was shown here.
 
 
 6
 Thus, while we in no way condone Blankenship's conduct, the time when Swackhammer could sue the United States on account of it has long since passed. In short, Swackhammer's claims are barred by the statutes of limitations.[2]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 * Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)
 
 
 [2]
 We have not overlooked Swackhammer's conspiracy claim, but we agree with the district court that there was no evidence of a conspiracy aimed at her or at anyone else. See United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 828-29, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983); Ting v. United States, 927 F.2d 1504, 1512 (9th Cir.1991)