## MANN *v.* COOPER.

### SAME *v.* SAME.

STATUTE OF LIMITATIONS; SCI. FA.; JUDGMENTS; CONTRACTS.

1.  The part payment of a judgment debt, within the statutory period of limitation, will not avoid the operation of the statute of limitations, when the statute is pleaded to a *sci. fa.* to revive the judgment, or in an action of debt on the judgment.
2.  The removal of a judgment debtor after judgment and execution issued and returned *nulla bona*, from the jurisdiction in which the judgment is rendered, and his death during the statutory period of limitation, will not stop the operation of the statute of limitations, which commences to run from the date of the judgment.
3.  A judgment may be kept alive and executionable, although the judgment debtor be absent from the jurisdiction, by issuing execution within a year and a day from the date of the judgment, and upon its return, having it regularly continued; or, by the issue of two successive writs of *sci. fa.* within twelve years from the date of the judgment, and, upon two successive returns of *nihil*, obtaining judgment thereon of *fiat executio*.
4.  A judgment for execution is, in legal effect, a new judgment, and the statute of limitations begins to run from its date anew.
5.  If a judgment debtor for a valuable consideration and before the judgment is barred by the statute of limitations, agrees to waive and surrender his right to plead the statute, and that the judgment may be enforced at any time until actually paid, he will be estopped to plead the statute to a *sci. fa.* on the judgment, or in an action of debt on the judgment.

Nos. 55 and 56.  Submitted October 5, 1893.—Decided February 5, 1894.

HEARING on appeals by the plaintiff from orders of the Supreme Court of the District of Columbia, holding a law term, sustaining demurrers to replications in a *sci. fa.* on a judgment and an action of debt on the same judgment, in which the statute of limitations was pleaded.   *Reversed.*

The COURT in its opinion stated the case as follows:

It appears that judgment was recovered by the appellant, Hannah N. Mann, against Douglas H. Cooper and F. M. Cooper, on the 26th of October, 1874, for $3,000 and costs.

Upon this judgment in the Supreme Court of this District a *fieri facias* was issued on the 6th of January, 1875, and returned *nulla bona* March 6, 1875. The death of Douglas H. Cooper was suggested, and thereupon the appellant caused a *scire facias* to issue to revive the judgment against the appellee, as administratrix of the deceased judgment debtor, on the 27th of June, 1891, which was returned *scire feci* the 2d of July, 1891. And on the 13th of July, 1891, the appellant brought an action of debt on the judgment against the appellee, as administratrix of the deceased, Douglas H. Cooper, to recover the amount of the judgment, less the sum of $1,756, entered as a credit on the judgment as of the 25th of October, 1879.

The appellee appeared to both actions, that is to say, to the *scire facias*, and to the action of debt on the judgment; and she pleaded three pleas in each action, or rather, she pleaded the statute of limitations in three forms in each action; and as the only questions for determination arise upon the pleadings, both cases will be considered and disposed of together.

The first plea is, that the judgment was above twelve years' standing. The second is, that more than twelve years had elapsed since the date of the last proceeding to enforce the judgment; and the third is, that the judgment was rendered on the 26th of October, 1874, and on the 6th of January, 1875, a *fieri facias* was issued thereon and was returned *nulla bona*, on the 6th of March following; and that no subsequent proceeding had been taken to enforce the judgment; wherefore the same was more than twelve years' standing.

The appellant replied specially to each of these pleas, the replications being the same in both cases. To the first plea, it was alleged in avoidance, that on the 25th of October, 1879, the judgment debtors, by their duly authorized agent, made payment on account of said judgment, to the amount of $1,756, wherefore the appellant says that said judgment was not above twelve years standing at the commencement of this action. To the second plea, the replication is, that

at the date of the judgment, the judgment debtor, Douglas H. Cooper, was a resident of the District of Columbia, but that afterwards, to wit, in June, 1875, he absented himself from the said District, and remained absent therefrom until his death, that he died intestate in the year 1879, and there was no personal representative of his estate, nor any assets belonging thereto, in said District of Columbia, until June, 1891, when the appellee was appointed administratrix of said estate, and who, on presentation of appellant's claim, rejected the same, and that, by reason of such absence, the appellant was at an uncertainty of finding out the said debtor, or his effects; the said debtor not having left effects sufficient, and known to the appellant, to pay said judgment; wherefore the appellant says that the appellee ought not to have any advantage or benefit of the limitations or restrictions prescribed by the statute of limitations in force in the District of Columbia.

And to the third plea the replication is, that in May, 1876, the judgment debtor, the said Douglas H. Cooper, made and entered into an agreement in writing with the appellant, *upon a new and valuable consideration*, wherein it was stipulated, that " said Hannah N. Mann has, *and shall at all times* have, the right to execute the said judgment, and collect the amount due on the said judgment "; and that, relying on said agreement, no subsequent proceeding was taken by the appellant to enforce the said judgment prior to the commencement of this action; wherefore the appellant says that the appellee is estopped from setting up the matters in said plea alleged in bar of the appellant's right of action.

To each of the replications, in both cases, the appellee demurred. And the court below sustained the demurrer, and entered judgment for the defendant, the present appellee.

*Mr. William F. Mattingly* and *Mr. D. A. McKnight* for the appellant.

1. The authorities in the United States are almost unanimously to the effect that a part payment of a judgment or

other specialty debt takes the case out of the statute. In most of the codes of the United States, judgments are distinguished from other debts by specialty, and the effect of part payments is expressly regulated. In others the common law presumption is adopted, and part payments are admitted in rebuttal. (See Wood on Lim., Appendix.) But so far as the courts have had the question before them on principle, freed from statutory restrictions, they have almost, if not altogether, invariably held that part payment of a judgment or other specialty debt takes the case out of the statute.

In the following three cases it was held that a part payment of a judgment debt suspended the statute to the date of the payment: *Brisbin* v. *Farmer*, 16 Minn., 215 ; *Carshore* v. *Huyck*, 6 Barb., N. Y., 583 ; *Strong* v. *State*, 57 Ind., 428.

There is no case to be found in the reports, which holds that, on principle, a part payment of a judgment debt is not a good reply to a plea of the statute. The following case ruled that a reply of part payment was not good, *because statutes expressly regulated the subject, and the case was not within them*: *McDonald* v. *Dickson*, 87 N. C., 405. The following eight cases hold that an *acknowledgment* of a judgment debt is sufficient to remove the bar: *Bissell* v. *Jaudon*, 16 Ohio St., 499 ; *Olcott* v. *Scales*, 3 Vt., 173 ; *Hall* v. *Hall*, 8 Vt., 156 ; *Carshore* v. *Huyck*, 6 Barb., 583 ; *Nelson* v. *Barker*, 48 N. W. Rep., 962 ; *Darsey* v. *Mumpford*, 58 Ga., 119 ; *Bradley* v. *Briggs*, 22 Vt., 95 ; *Gailor* v. *Grinnell*, 2 Aik., 349. On the same principle, it has been held that a replication of a new promise, or of a part payment, to a plea of discharge by bankruptcy, was good in actions of debt on a judgment and on a bond. *Maxim* v. *Morse*, 8 Mass., 126, 129 ; *Alsop* v. *Brown*, Douglas, 191. The following thirteen cases hold that a part payment on a bond or other specialty takes the case out of the statute : *Hopkins* v. *Stout*, 6 Bush, 375 ; *Craig* v. *Calloway Co.*, 12 Mo., 94 ; *Vernon Co.* v. *Stewart*, 64 Mo., 408 ; *Wilson* v. *Pope*, 37 Barb., 321 ; *Armistead* v. *Brooke*, 18 Ark., 521 ;

*Dyer* v. *Gill*, 32 Ark. 410; *Estes* v. *Blake*, 30 Me., 164; *Bank* v. *Foster*, 14 La. An., 159; *Beatty* v. *Clement*, 12 La. An., 82; *School District* v. *Bank*, 19 Neb., 89; *Gilbert* v. *Collins*, 124 Mass., 174; *Von Hemert* v. *Porter*, 11 Metcalf, 210; *Sanger* v. *Nightingale*, 122 U. S., 176. The only case to the contrary which has been found gives no reason for the ruling. The meager statement of the reporter does not show whether the indorsement was made by the obligor or obligee, and if it were by the latter it would account for the decision. *Fuller* v. *Hancock*, 1 Root, Conn., 238. The authorities under Sec. 6 of the Md. act of 1715 do not conflict with, but tend to support the plaintiff's replication. *Post* v. *Mackall*, 3 Bl. Ch., 486, 522; *Watkins* v. *Harwood*, 2 G. & J. 307, 311; *Carroll* v. *Waring*, 3 G. & J., 491, 496; *Digges* v. *Eliason*, 4 Cr. C. C., 619; *Thompson* v. *Beveridge*, 3 Mackey, 170 (the last two repudiating *Mullikin* v. *Duvall*, 7 G. & J., 355.)

2. In the cases at bar the new contract evidenced by the part payment is founded on an instrument under seal, which is of equal dignity with a judgment under the statute of limitations. The replication does not set up a part payment simply, but a contract under seal authorizing the part payment. If there be any doubt as to the efficacy of a mere part payment in reviving a debt by specialty, it is removed by the fact that here the part payment was made by a specialty. Wood on Lim., Sec. 66. We have here not only the admission of the debt by part payment, but a contract under seal making the payment. The Supreme Court of the United States have led the country in a strict application of the rule relating to acknowledgments, holding that they must be accompanied by words which show an intent to pay, and yet they have decided that the barest acknowledgment contained in an instrument under seal is enough. *King* v. *Riddle*, 7 Cranch, 168. In Pennsylvania it has been held that a part payment entered of record by the judgment debtor is the equivalent of a *scire facias*. *Boal's Appeal*, 2 Rawle, 37. In Georgia it is held that the indorsement on a

writ of execution of a promise to pay in the future revives the judgment. *Darsey* v. *Mumpford*, 58 Ga., 119. Now, it is an elementary rule that "a duty arising by record must be discharged by matter of as high a nature," but it is settled that a judgment may be discharged by a release *under seal.* Bacon's Abr., Release; *Barker* v. *St. Quintin*, 12 M. & W., 453 ; *Mitchell* v. *Hawley*, 4 Denio, N. Y., 414. A judgment is not only a specialty by virtue of the express language of Section 6 of the act of 1715, but it has always been held to be a specialty within the meaning of statutes of limitation, unless it be discriminated from other specialties by the statutes. Smith on Cont., pp. 2, 4; 1 Parson's Cont., 7; *Cockram* v. *Welby*, 2 Mod., 212; Wood on Lim., Secs. 29, 30, 172; Angell on Lim., Sec. 80, n. 1; *Bissell* v. *Jaudon*, 16 Ohio St., 498; *David* v. *Porter*, 51 Ia., 254; *Lane* v. *Morris*, 10 Ga., 162 ; *Dudley* v. *Lindsey*, 9 B. Mon., Ky., 486 ; *Richards* v. *Bickley*, 13 S. & R., Pa., 395; *Randolph* v. *King*, 2 Bond C. C., 104; *Walker* v. *Witter*, 1 Douglas, 1. In New York it has been held that the judgment of a justice of the peace was as much a specialty as the judgment of a court of record, and therefore that the action on it must be debt and not assumpsit. *Andrews* v. *Montgomery*, 19 Johns., 165; *Brintnall* v. *Foster*, 7 Wend., 104; *Smith* v. *Lockwood*, 7 Wend., 243; *Mitchell* v. *Hawley*, 4 Denio, 414; *Hard* v. *Shipman*, 6 Barb., 626; *Niles* v. *Totman*, 3 Barb., 594; *Pease* v. *Howard*, 14 Johns., 479. A justice's judgment is "equivalent at least to a specialty, and assumpsit will not therefore lie on such a judgment, but the action should be debt." *James* v. *Henry*, 16 Johns., 233.

3. The departure of the defendant's intestate from the District of Columbia after contracting the judgment debt, without leaving goods sufficient and answerable for his debts, deprived him of the benefit of the statute of limitations, and prevented its running, at least until the date of his death; after which it did not begin to run until the appointment of his administratrix, namely, in the year that these actions were commenced. 3 Blacks. Com., 283-6; *Bur-*

*roughs* v. *Bloomer,* 5 Denio, 532; *Nelson* v. *Beveridge,* 21 Mo., 22 ; *Ormsby* v. *Letcher,* 3 Bibb, 269; *Fisher* v. *Phelps,* 21 Tex., 551; *Ticklin's Ex.* v. *Carrington,* 31 Gratt., 219; *Embrey* v. *Jemison,* 131 U. S., 336; *Edwards* v. *Davis,* 4 Bibb, 211 ; *Prather* v. *Ross,* 10 B. Mon., 15 ; *Davidson* v. *Simmons,* 11 Bush, 330; Wood on Lim., Sec. 245 ; *Smith* v. *Bond,* 8 Ala., 386; *Chenot* v. *Lefevre,* 8 Ill., 637; *Arm-field* v. *Moore,* 97 N. C., 34; *Sissons* v. *Bicknell,* 6 N. H., 557; *Dwight* v. *Clark,* 7 Mass., 515 ; Wood on Lim., Secs. 244-247.    Cases cited *supra.    Savage* v. *Scott,* 45 Iowa, 130; *Hentig* v. *Sweet,* 27 Kan., 172 ; *Denny* v. *Smith,* 18 N. Y., 567 ; *Heffelbower* v. *Detrick,* 27 W. Va., 16 ; *Cooke* v. *Holmes,* 29 Mo., 61; *Randall* v. *Wilkins,* 4 Denio, 577 ; *Barney* v. *Oelrichs,* 138 U. S., 529; *Bennett* v. *Devlin,* 17 B. Mon., Ky., 353 ; *Haviland* v. *Hargis,* 9 Fla., 15 ; *Sullen-berger* v. *Gest,* 14 Ohio, 204; *Maurice* v. *Worden,* 52 Md., 283.

As the statute did not begin to run during Cooper's life-time, it did not begin until the appointment of his adminis-tratrix.    Wood on Lim., Sec. 194; *Joliffe* v. *Pitt,* 2 Vern., 694; *Douglas* v. *Forrest,* 4 Bing., 686; *Lee* v. *Gause,* 2 Ired. L., N. C., 440; *Fishwick* v. *Sewall,* 4 H. & J., 393.    If it be suggested that the plaintiff should have forced administra-tion at an earlier date, the replication answers that there was no property of Cooper's estate in the District until 1891, and the statute does not authorize administration unless there be property here.    Dennis Probat Law, Ch. 5, Sec. 2.

2. The defendant's intestate was absent from the District of Columbia when the cause of action against him on this judgment accrued to the plaintiff, and never returned, but died in 1879; wherefore the statute did not begin to run until the appointment of his administratrix, namely, in the year when these actions were commenced.    *Lee* v. *Giles,* 1 Bail., S. C., 449; *Kingsland* v. *Forrest,* 18 Ala., 519; Free-man on Judgments, Sec. 432; 3 Black. Com., 160, 421; 2 Tidd's Practice, 1102 ; Foster, Scire Facias, 2, 5, 19; *Digges* v. *Eliason, supra ; Thompson* v. *Beveridge, supra ; Warfield* v. *Brewer,* 4 Gill, 265 ; *Bridges* v. *Adams,* 32 Md., 577.

3. The defendant is estopped to plead the statute of limitations by the agreement of her intestate, made upon a new and valuable consideration in 1876, that the plaintiff should have the right to issue execution on the judgment "at all times." A judgment debtor cannot take advantage of a failure to bring the action in time, *if he has assented to it or brought it about;* and that the parties may contract for the issue of execution without a *scire facias* after the period fixed by the statute, and even "at the pleasure of" the judgment creditor. Foster, Scire Facias, 8; and Chap. VII.; 2 Tidd's Practice, 1104; Freeman on Executions, Secs. 27, 28; *U. S.* v. *Harford,* 19 Johns., 173; Tidd's Pr., 1094. The great weight of authority is that a promise not to plead the statute, *or an agreement which implies such a promise,* operates as an estoppel *in pais;* and that a subsequent plea of the statute is a fraud on the plaintiff, which a judicial tribunal will not suffer. *Butron* v. *Stevens,* 24 Vt., 131; *Kellogg* v. *Dickinson,* 147 Mass., 432; *Quick* v. *Corlies,* 39 N. J., L., 11; *Lengar* v. *Hazelwood,* 11 Lea, Tenn., 539; *Martin* v. *Lamb,* 40 N. J., Eq., 669; *Lamb* v. *Ryan,* 40 N. J., Eq., 67; *Rowe* v. *Thompson,* 15 Abb. Pr., 377; *Bowmar* v. *Peine,* 64 Miss., 99; *Cowart* v. *Perrine,* 21 N. J., Eq., 101; *Allen* v. *Webster,* 15 Wend., N. Y., 289; *Utica Ins. Co.* v. *Bloodgood,* 4 Wend., 652; *Paddock* v. *Colby,* 18 Vt., 485; *Noyes* v. *Hall,* 28 Vt., 645; *Barcroft* v. *Roberts,* 91 N. C., 363; *Warren* v. *Walker,* 23 Me., 453; *Rawson* v. *Toby,* 11 How., 493, 519.

*Mr. Enoch Totten, Mr. A. A. Birney* and *Mr. E. A. Newman* for the appellee:

The replication to the third plea is an estoppel, but the language of the "specialty" quoted is far short of a waiver by Cooper of a right to plead limitations, and does not appear to have had any reference to it. This "specialty" was made in 1876, ten years before limitations could be pleaded to the judgment, and when the parties could hardly be supposed to have had in mind its future outlawry. The obvious

intention of the language employed was to express that plaintiff's right to execute or collect in any way whatever was not to be taken to be abridged by the specialty. There was no waiver of right, either by Cooper or by Mrs. Mann, and certainly nothing to estop the plea of limitations by Cooper's administrator fifteen years later. It is common learning that estoppels are not favored by the courts, and such a plea will be strictly construed against the estoppel. Recitals must be *certain* to create an estoppel. *Noble* v. *Cope*, 50 Pa. St., 17; *Kepp* v. *Wiggett*, 10 C. B., 35.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The three pleas may be treated as one, all being of the bar of the statute of limitations, with some variation in terms only. The question, therefore, is whether, in either of the replications, a sufficient reply is furnished to prevent or arrest the running of the statute of limitations as against the judgment, and thus to defeat the bar created by the statute, and pleaded as a defense to the action?

1. The statute of limitations of actions in force in this District is the act of Maryland of 1715, Ch. 23. By the sixth section of that act it is provided, "That *no bill, bond, judgment, recognizance,* statute merchant, or of the staple, *or other specialty whatsoever,* except such as shall be taken in the name or for the use of our sovereign lord the King, his heirs and successors, *shall be good and pleadable, or admitted in evidence,* against any person or persons of this province, *after* the principal debtor and creditor have both been dead twelve years, *or the debt or thing in action above twelve years' standing.*"

Unlike the construction that has been placed upon the terms of this statute employed in the second section thereof, in regard to simple contract debts, the construction uniformly placed upon the terms employed in the sixth section, in regard to judgments, recognizances and specialties of various kinds, owing to the peculiar force and prohibitory

nature of the language employed in this latter section, has been different, and unyielding to circumstances that would remove the bar of the statute, as applied to simple contract debts. Hence, it has been uniformly held, that a mere acknowledgment of the debt due on judgment, or even an express promise to pay the same, will not arrest the running of the statute, or remove the bar, as against the judgment or specialty mentioned in the act; though such judgment or specialty may form the basis or inducement to a new express promise to pay, upon which an action may be maintained. *Lamar* v. *Manro*, 10 G. & J., 50; *Young* v. *Mackall*, 4 Md., 367. And so the payment of interest, or even part of the principal of the judgment debt, will not have the effect of avoiding the operation of the statute as applied to proceedings on the judgment to revive, or to recover on the judgment by action of debt. In the case of *Carroll* v. *Waring*, 3 G. & J., 491, it was held, that the payment of interest upon a bond was no avoidance of the bar of the act of limitations of 1715, ch. 23; nor would even an express acknowledgment of the debt revive the remedy upon a bond barred by that act. As we have seen, by the language of the statute, the case of an action of debt or *scire facias* upon judgment stands upon the same footing of an action upon bond or other specialty. And in the case of *Mullikin* v. *Duvall*, 7 Gill and John., 355, it was held, upon full and careful consideration, that a judgment cannot be revived by *scire facias* after a lapse of twelve years; and the mere fact of an outstanding *fieri facias* levied on lands, which remained unsold for want of buyers, did not form an exception to the act of limitations, which runs from the recovery of the judgment, or from the time that the judgment is executionable. In this case, it is not averred or pretended that the *fieri facias* that issued on the judgment, and was returned *nulla bona*, was ever renewed or continued so as to keep the judgment executionable, and more than sixteen years had elapsed from the return of the execution to the time of the commencement of the present proceedings on the judgment.

According to the common law, a judgment in a personal action, without special *cesset executio*, could be executed by process of execution only within a year and a day from its rendition; and after the lapse of that period, the remedy upon the judgment was by action of debt only. It was to remedy this defect in the mode of proceeding upon judgments, that the statute of Westminster 2 (13 Edw. I.), Stat. 1, ch. 45, was passed, which gave a *scire facias* to the plaintiff in personal actions to revive the judgment, when he had omitted to sue out execution within the year and a day after judgment was obtained. But this remedy by *scire facias* is not exclusive; the plaintiff may still proceed, if he think proper, by action of debt on the judgment. 2 Tidd's Prac., 1103.

The reason, says Mr. Tidd, "why the plaintiff is put to his *scire facias* after the year is, because when he lies by so long after judgment, it shall be presumed that he has released the execution; and therefore the defendant shall not be disturbed, without being called upon, and having an opportunity in court of pleading the release, or showing cause, if he can, why the execution should not go." 2 Tidd's Prac., 1103; 2 Inst., 470. But it is further said, that this general rule, that the plaintiff cannot take out execution after the year, without a *scire facias*, must be understood with this restriction: "That when a *fieri facias* is taken out within the year, and not executed, a new writ of execution may be sued out at any time afterwards, without a *scire facias*, provided the first writ be returned and filed, and continuances entered from the time of issuing it, which continuances may be entered after the issuing of the second writ, unless a rule be made upon motion, for the proceedings to remain in *statu quo*." 2 Tidd's Prac., 1104; Co. Litt., 290*b*; 2 Inst., 471. And this principle was referred to and applied in the case of *Mullikin* v. *Duvall, supra*.

It is clear, therefore, that nothing alleged in the first replication could have the effect of preventing or arresting the running of the statute against the judgment, and that the demurrer was properly held good as to that replication.

2. And so as to the second replication. It is conceded by this replication that the judgment debtor remained in the city of Washington from the date of the judgment, in October, 1874, until some time in June, 1875, during all of which time the judgment was executionable. The statute commenced to run from the date of the judgment, unless prevented by stay of execution, or the taking of some proceeding on the judgment that would have the effect of arresting the running of the statute; but, in this case, there is no such proceeding shown. The *fieri facias* that was issued in January, 1875, and returned in March of that year, was not effective, and it was not renewed, or in any manner continued. The judgment debtor was present in the jurisdiction at the time the cause of action, or right to execution on the judgment accrued, and continued subject to execution, or other proceedings on the judgment, for several months thereafter. And such being the case, it is a settled principle, that when the statute of limitations once begins to run, no subsequent disability will stop or arrest its operation. It is said in the decisions that the statute will never attach or commence to run unless there be some person in being competent to sue, but when that is the case, the legal bar to the recovery of the money on the bond or judgment will arise and become complete, unless legal steps are taken to enforce payment within the period prescribed by the statute. *Ruff* v. *Bull*, 7 H. & J., 15; *Hogan* v. *Kurtz*, 94 U. S., 773, 779; *Harris* v. *McGovern*, 99 U. S., 161, 168. But, in this case, there could have been no difficulty or impediment in keeping the judgment alive and executionable, down to the time of the death of the judgment debtor in 1879—the particular date of the death in that year is not alleged. This could have been done, notwithstanding the absence of the judgment debtor, by simply issuing an execution within the year and a day, and, upon its return, having it regularly continued; or, if not in that way, by the issue of two successive writs of *scire facias* within the twelve years, and, upon two successive returns of *nihil*, obtaining judgment thereon

of *fiat executio.* 2 Tidd's Prac., 1092. The judgment for execution is, in legal effect, a new judgment, and the Statute of Limitations commences to run from its date anew. *Mullikin* v. *Duvall, supra.*

Clearly, therefore, the second replication contains no such averments of facts as are sufficient to arrest or defeat the operations of the statute of limitations, as a bar to the recovery on the judgment.

3. But a different question is presented by the third replication. In that, a contract founded upon a valuable consideration is alleged, for the perpetual surrender or waiver of the right to plead the statutory bar of limitations. And the question is, whether such replication, if supported by proof, would form an answer to the plea of the statutory bar of limitations, in a proceeding to revive, or to recover upon, the judgment.

Upon this question there is a considerable conflict of authority. It is certainly true, however, that a party may waive the defense of the statute of limitations, as he may waive several other statutory defenses, by omitting to plead or rely upon the same, and it is difficult to see why he may not, for a valuable consideration, agree to waive or abandon the defense of the statute altogether. This must be, however, upon valuable consideration, to entitle the plaintiff to insist upon the agreement as an estoppel. The third replication avers the agreement or contract to have been made long before the bar of the statute had become completed; and that is an important element in such a contract, for such contract may have been the inducement to the delay in enforcing the judgment, until the lapse of the statutory period. *Gardner* v. *M'Mahon*, 3 Adol. & Ellis, (N. S.), 561, 566; *Utica Ins. Co.* v. *Bloodgood*, 4 Wend., 652; 13 Am. & Eng. Ency. of Law, 717.

In the case of *Randon* v. *Toby*, 11 How., 493, there was an agreement by a debtor to apply a certain portion of his crops towards the extinguishment of the debt, *in consideration of further indulgence*; and it was held, that such agree-

ment would take the case out of the statute of limitations, and might be set up in avoidance of the plea of the statute, *by way of estoppel upon the debtor*. The Supreme Court of the United States, speaking by Mr. Justice Grier, said: "This agreement, being founded on a good consideration, and accepted by the plaintiff, became incorporated in the notes, and formed a part of the contract, by mutual consent. It extended the time of payment, and the statute did not begin to run till the extended time had expired. It operated also by way of estoppel *in pais* to a defense under the statute of limitations. Otherwise the defendant would gain an advantage by his own fraud, or put the plaintiff to an action on the agreement. On one or the other of these principles, the doctrine of estoppel has its foundation. The plea of the statute is a breach of the agreement, and, to avoid circuity of action, it may be set up in avoidance of the plea. Moreover, the stipulation in this agreement forms a *new promise on good consideration* to pay the money, which has always been held as a sufficient replication to the plea of the statute of limitations."

If the judgment debtor, for valuable consideration, did in fact, as alleged, agree to waive and surrender the statutory right to avail himself of the bar of limitations, and that the judgment creditor should have the right to enforce the judgment at any time until actually paid, it would be an act of bad faith, as well as a breach of the agreement, on the part of the defendant, representing the judgment debtor, after being indulged beyond the period of limitations, to seek to defeat the execution of the judgment by the plea of the statute. The principle of estoppel would seem to be clearly applicable in such case; and we are of opinion that the third replication should have been ruled good, and the demurrer thereto overruled. The judgment that was rendered on the pleadings for the defendant must be reversed, and the cause be remanded, that issue on the third replication be formed and tried.

*Judgments reversed, with costs to appellant, and causes remanded.*