**NOEL et al. v. BASKIN.**

No. 8058.

United States Court of Appeals for the District of Columbia.

Argued Oct. 6, 1942.

Decided Oct. 26, 1942.

Mr. A. K. Shipe, of Washington, D. C., for appellants.

Mr. Paul E. Lesh, with whom Mr. Joseph Low, both of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Justices.

GRONER, C. J.

In September, 1924, appellee executed certain promissory notes to the order of one Davis, payable September 1, 1932. Davis sold the notes before maturity to one Van Senden, who died in 1929. On July 23, 1934, when payment of the notes was approximately one year and nine months overdue, Van Senden's Administrators entered into a written sealed agreement with appellee, whereby, in consideration of the former withholding suit on the notes until after September 2, 1935,—the precise date after which the notes would have been barred by a plea of the statute of limitations—the latter agreed to waive the defense of the statute on all of said notes "without prejudice to the assertion by me of any and all other defenses I may have to said notes, or any of them."

Appellants, who succeeded by appointment by the District Court to the rights of the Administrators of Van Senden, brought this suit on the notes on January 22, 1940. The waiver agreement was made part of the complaint. Appellee answered, setting up as a defense, among others, that more than three years had elapsed since September 2, 1935, the date after which suit could have been brought in conformity with the agreement, and that in consequence the suit was barred by the District of Columbia statute of limitations.[1] The Trial Court granted summary judgment for the appellee.

On this appeal the points urged are that the waiver of the statute was unconditional, and hence perpetual; that if not unconditional, the waiver under seal made applicable the twelve-year statute in relation to sealed instruments; and that the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, confine consideration on a motion for summary judgment to the complaint and answer, and that these were insufficient to sustain the motion.

We find no merit in any of these points. Admittedly, the right to recover on the notes, without the agreement made July 23, 1934, would have been barred by the statute after September 2, 1935. To avoid this result the maker of the notes waived the statute in consideration of the

[1] D.C.Code, Title 12, Sec. 201. "No action shall be brought * * * upon any simple contract, express or implied, * * * after three years from the time when the right to maintain any such action shall have accrued; * * *."

holders' agreeing to postpone action until after the latter date. The agreement, while it did not change the due date of the notes, did postpone the right of appellants to institute suit until after September 2, 1935. The only question then is what was the effect of the waiver. Since the statute by its express terms begins to run from "the time when the right to maintain any such action shall have accrued" and since after September 2, 1935, appellants' obligation to refrain from suit came to an end and they thereafter had the right to maintain an action, it would necessarily follow that the statute would begin to run as of that date, unless the parties by the terms of the waiver had fixed another. We find nothing in the agreement from which to conclude that this was done. Had the time of payment been extended until September 2, 1935, without a waiver of the statute, the law would have implied an obligation not to sue until after that date, and the statute would have begun to run after that date. We think the result cannot be different when such an obligation is *expressed* in a valid contract, rather than *implied* in law.

A similar conclusion was reached in State Loan & Trust Co. v. Cochran, 1900, 130 Cal. 245, 62 P. 466, 600, where it was held that the statute began to run from the time that what the Court construed as a valid agreement not to sue terminated. So also, in Thomas v. Hudson, 1940, 190 Ga. 622, 10 S.E.2d 396, an agreement not to sue on a mortgage debt until twelve months after the death of the mortgagor's mother and father was held to suspend the running of the statute until that time.

Appellants, however, insist that the District of Columbia is to be counted among those jurisdictions which permit an indefinite or perpetual waiver, and they argue that the general language of the waiver should be held to accomplish this result. To support the rule they rely on Mann v. Cooper, 2 App.D.C. 226. In that case we said:

"It is certainly true * * * that a party may waive the defense of the statute of limitations * * * by omitting to plead or rely upon the same, and it is difficult to see why he may not, for a valuable consideration, agree to waive or abandon the defense of the statute altogether."

But if we concede for the purposes of this case that what we said in the Mann case places us on record as sustaining the proposition that there may be an indefinite waiver of the statute in a case in which that purpose is expressed in unequivocal terms, it is clear that the rule would be inapplicable here. For here the agreement provided reciprocal obligations, the obvious purpose of which was on the one hand to suspend the holders' right to sue until a definite date and on the other, as we think, to fix that date as the period when limitations should begin to run. Compare State Loan & Trust Co. v. Cochran, supra, decided in a jurisdiction which permits an indefinite waiver.

Furthermore, if this agreement may be treated as a general waiver,—which we think it may not—we agree with the trial court that, in the absence of specific language making it perpetual, it should be held to operate only for a reasonable time, which, in the circumstances we have described, would be a period equivalent to that provided in the statute. Guy v. Stoecklin Baking Co., 1938, 133 Pa.Super. 38, 1 A.2d 839; Kellogg v. Dickinson, 1888, 147 Mass. 432, 18 N.E. 223, 1 L.R.A. 346. While these cases held that the time began to run as of the date the waiver agreement was made, in this case it is clear that the definitive date in the agreement is that date after which suit could have been brought, namely, September 2, 1935, and we agree with the trial court that the reasonable period would commence then.

Nor would it be in accord with reason or the established law to hold, as appellants urge, that because the waiver agreement is under seal the twelve-year statute governing sealed instruments applies. Certainly, the reservation by appellee of the right to challenge the validity of the notes precludes the idea of a new and independent promise to pay them. And without such a new promise—if indeed with one— the sealing of the agreement would not, under any rule that we know of, change the period. Cf. Harding v. Covell, 1914, 217 Mass. 120, 104 N.E. 452; Williston Contracts, 1936 Ed., § 185:

"A mere acknowledgment under seal of a simple contract debt will not operate as a new sealed promise, and will at most revive the debt for the statutory period applicable to informal contracts."

Here there is not even an acknowledgment. There is merely a waiver agreement which is relevant in this inquiry only for the purpose of determining for what period

appellee waived the statute. And that question we have decided by what has already been said.

This leaves the question whether the case was properly disposed of by way of motion for judgment on the pleadings. We think it was, granting that under such a motion the court is concerned only with the sufficiency of the pleadings. Here it was not necessary to look beyond them. The waiver agreement, upon the construction of which the validity of the defense turned, was set out in full in the complaint. And no citation of authority is necessary to establish the proposition that the construction of written instruments is a question of law for the court.

Affirmed.