HUDSON COUNTY COURT OF COMMON PLEAS.

JULIA HARDT, PETITIONER-APPELLANT, v. JOHN F.
CUNNINGHAM, RESPONDENT-APPELLEE.

Decided November 26, 1945.

For the petitioner-appellant, *David Bernheim* (*Edward J. Abromson*, of counsel).

For the respondent-appellee, *John G. Flanigan*.

ROBERSON, C. P. J.   This is an appeal from a determination and judgment of the Workmen's Compensation Bureau, dismissing the petition filed by Julia Hardt, dependent widow of Peter Hardt, deceased, for compensation for the death of her said husband resulting from accidental drowning.

The record consists of a stipulation of facts stating that the accident happened on August 7th (or 8th), 1942, resulting in death occurring on the same day due to accidental drowning.  Peter Hardt, the deceased, was employed by the respondent on the day in question as captain of a barge.  The home port of the barge was in the State of New York.  The barge had proceeded from the State of New York to the State of New Jersey and had moored at a dock on the Passaic River at Harrison, New Jersey, and had been there a day or so, loading scrap iron or scrap metals, preparatory to moving on to Buffalo, New York.  For the purpose solely of the motion to dismiss the petition, it was admitted that the accident arose out of and in the course of the employment.  It

was stipulated also that the Passaic River is a river being navigable waters of the United States. On the day in question the deceased had been in Harrison and was on his way back to the barge. The decedent jumped from the dock or pier of Schiovanni and Bonomo where the barge was being loaded preparatory to its going to Buffalo and had reached the barge in an upright position and lost his footing and fell backward into the water of Passaic River, and was drowned. There was a ladder on the barge which could have been taken to the dock and left there to use for coming back again to the barge, but it had not been taken by the deceased when he left the barge to go ashore. The jump was only two or three feet, the barge having sunk down a distance of two or three feet below the level of the dock because of the weight of the metal in it. The center of the barge is where the scrap metal went into a pit or hold and there was a narrow walk about two and a half feet wide around the outer edge of the barge. When the deceased jumped he landed on this two and a half foot walk and lost his equilibrium and instead of going into the pit where the metal was, he fell backward and his head struck one of the pilings.

The only issue in this case is whether this matter is within the jurisdiction of the Workmen's Compensation Bureau of the State of New Jersey or should be brought in a court of admiralty. To determine this issue it is necessary to decide whether this accident happened on land or on navigable waters.

My research has failed to find any authority directly in point. One of the cases nearest to it is *Union Oil Co.* v. *Industrial Accident Commission,* 295 *Pac. Rep.* 513; 211 *Cal.* 398. In that case a captain of an oil barge, used to carry oil to ships and wharves in various parts of San Francisco bay, had left the barge and gone ashore. At about ten p. m. he and a friend went to the wharf where the barge was tied. The deck of the barge was about eighteen inches higher than the level of the wharf and the usual method of getting aboard was to stand on the wharf, grasp the barge's stanchions, and then step on deck. The barge captain's friend preceded him and climbed on board in this manner. Shortly after-

wards, he heard the captain exclaim, "Oh," and turning, saw his head disappear over the edge of the wharf and heard a splash. The captain had apparently fallen through the open space between two piles. It was stipulated that the death was due to drowning. In discussing the jurisdictional problem presented by the case, the court said: "The deceased was a seaman, engaged in maritime work, and died as a result of drowning in navigable waters of the United States. The cause of action for his death would ordinarily come within the admiralty jurisdiction (citing *London Guarantee, &c., Co.* v. *Brooke,* 279 *U. S.* 109; 49 *S. Ct.* 296; 73 *L. Ed.* 632). To this rule there is the well settled exception that, if an injury is initiated and consummated on land, it comes within the state jurisdiction. Respondent commission proceeded upon the theory that Captain Pelle fell from the wharf, and that the injury was therefore initiated and consummated with reference to the wharf and not the barge or the navigable waters. The chief reliance is on the case of *T. Smith & Sons, Inc.,* v. *Taylor,* 276 *U. S.* 179; 48 *S. Ct.* 228; 72 *L. Ed.* 520, where an employee at work on a stage resting upon a wharf was struck by a sling operated on the vessel and knocked off the stage into the water. The court said: 'Plaintiff in error * * * argues that as no claim was made for injuries sustained while deceased was on land and as the suit was solely for death that occurred in the river, the case is exclusively within the admiralty jurisdiction. But this is a partial view that cannot be sustained. The blow by the sling was what gave rise to the cause of action. It was given and took effect while deceased was upon the land. It was the sole, immediate and proximate cause of his death. * * * The substance and consummation of the occurrence which gave rise to the cause of action took place on land.' " The court affirmed an award in favor of claimants.

In the matter of *The Atna,* 297 *Fed. Rep.* 673, the court stated (at *p.* 675), "when a person is injured in passing over a ladder connecting a vessel with the shore, the admiralty has jurisdiction if he is injured, that is, wronged, before he is entirely free from the ship and has safely reached the shore. If he is passing from the shore to the ship the admiralty has

not jurisdiction until he has reached the ship, and is entirely separated from the shore." The court used the word "safely" commenting on passage from ship to shore, the same rule should apply from shore to ship.

In *The Strabo*, 98 *Fed. Rep.* 998, the court stated that the accident commenced on the ship and held that admiralty had jurisdiction.

In *The Albion*, 123 *Fed. Rep.* 189, a libel was filed in admiralty. The libelant attempting to board the steamer after dark walked overboard and it was held that the suit could not be maintained in admiralty because the jurisdiction extends only to torts committed afloat upon navigable waters.

In *Baldwin* v. *Linde-Griffith Const. Co.*, 115 *N. J. L.* 608; 181 *Atl. Rep.* 35, cited by counsel, although not a compensation case but a suit under the Death Act, the court stated "The defendant, however, in support of the judgment below, strongly urges that even admitting that the injury was received on land, nevertheless death occurred in navigable water. This, if true, is wholly immaterial. It was the blow which was received on the coffer dam which gave rise to the cause of action, and the essential character of that cause of action is not altered at all because the decedent was precipitated into navigable water even though his death might have been caused by drowning. * * *

"Since we are of the opinion that the happening in question occurred on land and that it is the place where the accident originates that determines the issue of jurisdiction between the common-law state court and the federal admiralty jurisdiction, it is perhaps unnecessary to consider any other question raised in the briefs."

In the matter now before the court, the deceased jumped from the dock, landed on the barge in an upright position, lost his equilibrium, fell backward into the water and was drowned. I find that the accident originated on the land where the deceased first exerted the strength to jump and caused his body to move first to the barge momentarily and then to the water. Although it was stipulated that he "reached" the barge and in another place that he "landed" on this barge, I do not find that he reached the barge safely.

At most he was there only momentarily on his way from the dock to the water and I do not find that he reached the barge in the usual sense which means he arrived there safely or securely. In view of the foregoing, I am of the opinion that this matter is within the jurisdiction of the Workmen's Compensation Bureau of this state and that the judgment of the Bureau dismissing the petition should be set aside and the matter should be remanded for further proceedings.