### WHITMAN v. NOEL et al.
### No. 500.

Municipal Court of Appeals for the District of Columbia.

May 23, 1947.

John R. Walker, of Washington, D. C., for appellant.

J. Austin Latimer, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiffs sued defendant as maker of a promissory note dated April 8, 1934, and due ninety days after date. The last payment on the note was made on January 29, 1936, and this action was not filed until more than ten years after that date. On its face

the action would appear to be barred by our three-year statute of limitations [1] except for the following provision in the body of the note: "With Statute of Limitations hereby waived." Defendant filed an answer raising the single defense of the statute of limitations, and then filed a motion for summary judgment on the ground that it was apparent on the face of the claim that it was barred by the statute. After argument on the motion the trial court entered the following order: "Defendant's Motion for Summary Judgment is hereby overruled. That statute of limitations does not apply— case to be tried without prejudice on merits."

From that order this appeal was taken. Defendant's main contentions are (1) that a perpetual waiver of the statute of limitations is void as against public policy; and (2) that the provision in the note was not a perpetual waiver but was effective for a reasonable time only, which reasonable time he contends would be not more than the three-year period provided by the statute. Plaintiffs' main contentions are (1) that the note contained a valid unqualified perpetual waiver of the statute, based upon consideration; and (2) that defendant by executing the note containing the waiver is estopped to plead the statute. The arguments of both parties largely center around the cases of Mann v. Cooper, 2 App.D.C. 226, and Noel v. Baskin, 76 U.S.App.D.C. 332, 131 F.2d 231.

Before reaching the merits of the case, we are confronted with the question of whether the order appealed from is an appealable order. Neither party has raised this question but it is our duty to note absence of jurisdiction even when not questioned by the parties.[2] Consent of the parties cannot enlarge our jurisdiction.[3]

With exceptions not here material, the statute creating this court limits the right of appeal to a party "aggrieved by any final order or judgment." [4] A final order has been defined as one that " 'disposes of the whole case on its merits' so that the court has 'nothing to do but to execute the judgment or decree * * * already rendered.' " Jacobsen v. Jacobsen, 75 U.S.App. D.C. 223, 225, 126 F.2d 13.[5] Tested by that definition the order here in question was not final. It did not dispose of the whole case on its merits. Moreover, no judgment was rendered. The trial court did not consider the order final, because the order expressly stated the case was to be tried on its merits. It may be that defendant had no defense other than the statute of limitations, but this is not clearly apparent from the record. True, his answer raised that defense only, but since the principal of the note was less than $500 the claim was a Class B case in which no formal pleadings are required.[6] Quite properly defendant raised the defense of the statute of limitations by a written answer, though not required to do so,[7] but this would not preclude him from presenting at the trial any other defense he might have. Without an express waiver of all other defenses, defendant was entitled to a trial, which right the order of the trial court recognized. Moreover, if defendant's contention that the waiver of the statute operated only for a reasonable time is sound, it may be necessary to take evidence to determine whether the action was brought within a reasonable time. Ordinarily "reasonable time" is a question of fact depending upon the particular circumstances of each case.

What we have before us is an appeal from an order denying a motion for summary judgment. Generally such orders are not final and appealable orders [8] and there is nothing in the present case to take

---

[1] Code 1940, § 12—201.

[2] Atlas Van Lines v. Austin, D.C.Mun. App., 44 A.2d 696; Yeager v. District of Columbia, D.C.Mun.App., 33 A.2d 629; Ray v. Bruce, D.C.Mun.App., 31 A.2d 693. See also 1425 F Street Corp. v. Jardin, D. C.Mun.App., 53 A.2d 278.

[3] Atlas Van Lines v. Austin, supra footnote 2; Yeager v. District of Columbia, supra footnote 2.

[4] Code 1940 (Supp. V), § 11—772.

[5] See also Lee v. Zentz, D.C.Mun.App., 44 A.2d 872; Brown v. Randle & Garvin, D.C.Mun.App., 32 A.2d 104.

[6] Civil Rules, Municipal Court, Part II, rule 2.

[7] Atchison & Keller, Inc., v. Taylor, D. C.Mun.App., 51 A.2d 297.

[8] Jones v. St. Paul Fire & Marine Ins. Co., 5 Cir., 108 F.2d 123; see 3 Moore, Federal Practice (1st Ed.) § 56.09, p. 3192.

it out of the general rule. Our conclusion is that the order appealed from is not an appealable order and the appeal must be dismissed.

Appeal dismissed.