Godfrey L. MUNTER, Sole Liquidation Trustee In Re: Trusteeship for Settlement of Estate of Herman W. Van Senden, Deceased, Equity Cause No. 62,638, Appellant,

v.

William C. LANKFORD and Mattie L. Lankford, Appellees.

No. 12710.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 6, 1955.

Decided April 5, 1956.

---

[1] See Arnstein v. Porter, supra, 154 F.2d at page 471; Sartor v. Arkansas Natural Gas Corp., 1944, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967.

Mr. Godfrey L. Munter, Washington, D. C., with whom Mr. Godfrey L. Munter, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Francis W. Hill, Jr., Washington, D. C., with whom Mr. Augustus P. Crenshaw, III, Washington, D. C., was on the brief, for appellees.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

In 1935, appellees executed a two-year note for $5,000 to the order of the Estate of Herman W. Van Senden, of which appellant is now sole trustee. In this note, appellees waived the statute of limitations, and assigned a term life insurance policy as security.[1] When this policy expired in 1939, one of the appellees assigned a new straight life insurance policy to the Estate. The Estate paid the premiums on each of these policies in turn until the second one was surrendered for its cash surrender value. The note was never paid. The Trustee of the Estate is now seeking to recover the face value of the note, plus interest, as well as the amount expended on insurance premiums, less the cash surrender value received.[2] The District Court granted appellees' motion for summary judgment and denied that of appellant.

We turn first to the note. Appellant relies on the waiver of the statute of limitations in the note to overcome the three-year statutory bar. D.C.Code 1951, § 12–201. We need not decide whether such a waiver is valid in an instrument creating an obligation, for in Noel v. Baskin, 1942, 76 U.S.App.D.C. 332, 131 F.2d 231, this court ruled that unless a waiver of the statute of limitations is specifically stated to be perpetual, it should be held to operate only for a reasonable time. In that case, the waiver was by agreement after the notes in question had become due, and one additional period equal to that set by the statute of limitations was held to constitute a reasonable time. In the instant case the note came due in 1937, and the statute would normally have run in 1940; with the addition of one extra three-year period plaintiff's right of action expired in 1943.

As to the insurance premiums, it is not clear on the present record whether there was ever any direct obligation on one or both of the appellees to reimburse the Estate for this expense. In any case, it is our view that if there was any such obligation, appellees' failure ever to make any payment came aft-

---

1. The note recited that the makers "hereby jointly and severally waive presentment, demand, protest and notice, and the statute of limitations."

2. The complaint was filed on February 17, 1953.

er a time to constitute not merely a breach of the obligation to pay past due premiums but also a repudiation of any agreement to pay future premiums. Without precisely fixing the time when this repudiation occurred, we nonetheless are of the opinion that the statute has long since run on whatever cause of action arose from that repudiation, particularly since the 1939 assignment contained no waiver of the statute. Accordingly, the judgment of the District Court is

Affirmed.