**UNITED FRUIT COMPANY, Appellant,**

v.

**J. A. FOLGER & COMPANY, Appellee.**

**No. 17669.**

United States Court of Appeals
Fifth Circuit.

Sept. 30, 1959.

Rehearing Denied Dec. 17, 1959.

Hutcheson, Circuit Judge, dissented.

Charles E. Dunbar, III, New Orleans, La., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., of counsel, for appellant.

Joaquin Campoy, New Orleans, La., Deutsch, Kerrigan & Stiles, New Orleans, La., Brunswick G. Deutsch, New Orleans, La., of counsel, for appellee.

Before HUTCHESON, TUTTLE and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

■ The question for decision, although narrow, is of considerable importance to the shipping industry. We are asked to decide the effect of a carrier granting a shipper an extension of sixty days, within which to sue on a cargo claim, beyond the one-year limitation period provided in the Carriage of Goods By Sea Act.

The case was tried on a stipulation of facts. The district court held that the carrier had waived the statutory one-year limitation for suit, although the libel was filed after expiration of the extension period. A majority of the Court holds that the judgment must be reversed.

The Carriage of Goods By Sea Act, 46 U.S.C.A. § 1303(6), provides:

"In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered."

J. A. Folger Company, libellant, sued in admiralty to recover for shortage and slackage of, and damage to, a certain cargo of coffee shipped aboard one of the vessels belonging to the United Fruit Company, respondent. The vessel arrived in New Orleans February 14, 1949. Several weeks later, proctors for Folger conferred with United Fruit's claim agent. The claim agent agreed to recommend payment in settlement of the claim for shortage and slackage, contingent upno settlement of the claim for damages. No agreement could be reached with respect to damages. Folger agreed to furnish additional information on this aspect of the case.

January 30, 1950 proctors for Folger wrote the United Fruit, stating:

"* * * we shall appreciate your granting us an extension of time within which to bring suit, *up to and including April 4, 1950.* We trust that we may be able to dispose of this matter within that time.

"We shall also appreciate your confirming the above extension by letter, at your earliest convenience."

The United Fruit Company replied February 1, 1950 granting Folger's request for an extension:

"In accordance with request in your letter of January 30th, 1950, we take pleasure in granting you extension in time in which to sue through April 4th, 1950 for account of the S. S. Mayari.

"We also take pleasure in advising we have now received the file from our principals and we shall be glad to discuss adjustment with you some time next week, if you will contact us by telephone for an appointment.

"The above is given you with full reservation of all other rights accruing through the bill of lading contract and/or otherwise."

After this exchange of letters, the parties engaged in further negotiations: there was a conference on February 17, 1950; Folger wrote March 2, 1950, stating that "discrepancies had been resolved" and Folger desired "again to resume negotiations looking toward settlement"; there were discussions on March 7, 1950, in which United Fruit Company's claim

agent stated that he would require additional proof of the alleged damage. Thereafter, proctors for Folger did not attempt to reach United Fruit until the last day of the extension period, April 4, 1950. On that day, at 4:45 P.M., one of the proctors for Folger telephoned the United Fruit Company to arrange for an appointment to discuss damages and also to obtain an additional extension. The freight claim office of the United Fruit Company had closed at 4:30 P.M., as it has for many years in New Orleans.

On the morning of April 5, 1950, Folger's proctors telephoned respondent's claim agents and asked for an additional extension. With respect to this conversation, the stipulation states:

"The respondent, through its assistant freight claim agent, declined to grant an additional extension of time and declined to discuss settlement of the claim further. The assistant claim agent explained that no additional extension had been discussed prior to the expiration of the original extension; that it was not the company's policy to grant extensions of time to file suit after any preceding extension had expired; and that he was not authorized to grant any such extension."

Folger then filed a libel the afternoon of April 5, 1950.

■■ We do not question the principle that the statutory period for bringing suit may be waived.[1] Noel v. Baskin,

---

1. "The effect of a 'waiver' will depend largely on the time when it was made. A waiver in the original contract out of which the liability arises may be held invalid, for it is generally the result of an undesirable exertion of superior bargaining power. But a subsequent waiver will ordinarily be freely given by the defendant, and therefore should be upheld, since it may often be in the interests of both parties to postpone suit. The view that the statute of limitations is a personal defense pervades much of the law—for example, the defendant is permitted to remove the bar by acknowledging the debt; a voluntary relinquishment of the statutory benefit by an express promise not to plead the statute seems to warrant

similar treatment. Nevertheless, there is a problem—not present in estoppel cases—as to the precise duration of the waiver period. Thus, although an indefinite waiver may be held void as against public policy, a waiver for a definite time will generally be enforced on its terms. And even an indefinite waiver will often be upheld as to the time already expired when the waiver is made, so that the period starts to run anew at that time." Comment, Developments—Statutes of Limitations, 63 Harv.L.Rev. 1177, 1233 (1950). See also Dawson, Estoppel and Statutes of Limitation, 34 Mich.L. Rev. 1 (1935). The cases are collected in 24 A.L.R.2d 1413 supplementing 130 A.L.R. 8.

1942, 76 U.S.App.D.C. 332, 131 F.2d 231. Nor do we question the principle that, in a proper case, a respondent may, by his representations, promises, or conduct, be estopped to assert the statute. Glus v. Brooklyn Eastern District Terminal, 1959, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed. 2d 770, 771.

In this case, however, the waiver was for a definite period only. There was no waiver as to suit filed after the sixty-day extension period.

Folger's letter requesting an extension is itself an acknowledgment of the carrier's right to plead the statute after expiration of the extension. In answering Folger, United Fruit Company gave notice that the carrier intended not to waive the statutory period as to any suit brought after April 4, 1950. We read both letters together as constituting a contract between the parties, in which time is of the essence. The consideration is the benefit to each party of extending the period in order to reach a satisfactory settlement.

We see no reason why the agreement should not be enforced according to its terms. A waiver of the statutory limitation is enforced against a defendant when the defendant attempts to plead the statute contrary to the terms of the waiver. J. A. Campbell Co. v. Holsum Baking Co., 1942, 15 Wash.2d 239, 130 P.2d 333; United States v. Curtiss Aeroplane Co., 2 Cir., 1945, 147 F.2d 639. Correspondingly, the end-date of a waiver for a fixed time should be recognized against a plaintiff attempting to escape the terms of his agreement.

In The Argentino, D.C.S.D.N.Y.1939, 28 F.Supp. 440, 441, 1939 A.M.C. 815, the claimant made a written request for an extension "up to and including April 24, 1938", and a similar verbal request March 23, 1938. The carrier made no written reply agreeing to a specific end-date. Instead, March 23, an adjuster for the steamship company stated verbally that "the time to sue would be extended during the investigation of the claim and negotiations for its settlement". Negotiations between the parties continued

and it was not until July 27, 1938, that the claim was finally rejected. In the meantime, as the court pointed out:

"Both parties by their conduct during the next few months [after March 23, 1938] recognized the existence of such extension. Respondent through its agents was still investigating and considering the claim. Offers of settlement were thereafter made and discussed. * * * and it was not until July 27, 1938, that it was finally rejected."

The Court held that there was no public policy against the extension of the one-year limitation clause of 46 U.S.C.A. § 1303(6); and an issue of fact was presented as to whether the carrier was estopped to assert the time limitation. We agree with the Argentino holding. Expressed in terms of waiver, the carrier agreed to extend the limitation period by the time necessary to negotiate a settlement or conclude to reject the claim. Expressed in terms of estoppel, it is a question of fact as to whether the conduct of the carrier during the course of the negotiations misled the shipper into a detrimental reliance on the carrier's agreement to extend the time-for-suit period.

Unlike the agreement in the Argentino, the agreement here was for a fixed period. Unlike the facts in the Argentino, the stipulation in the instant case shows that there is no basis for the shipper to argue estoppel against the carrier.

Here, it is the shipper who is acting unconscionably. By inducing the carrier, just four days before the running of the statute, to grant the extension, the shipper put the carrier in the posture of not being able to plead the original statutory period. Now the shippers seek to destroy the effect of the very thing he brought about, after the carrier has changed his position in detrimental reliance on the shipper's request. "No man may take advantage of his own wrong." Glus v. Brooklyn Eastern District Terminal, 1959, 359 U.S. 231, 79 S.Ct. 760, 3 L. Ed.2d 770, 773.

It is in the interests of all shippers and all carriers that when a steamship company grants an extension of the time for suit, in writing, before the running of the statute, specifically limited to a fixed and reasonable time, that the parties be able to rely on the terms of their agreement. If a shipper may dishonor an unambiguous extension agreement, and if a carrier is to be penalized for being liberal toward a shipper in not requiring rigid adherence to the statute— there will be no more extensions. And there is not much doubt that extensions of a statute of limitations are usually in the interest of claimants.

Judgment is reversed.

HUTCHESON, Circuit Judge (dissenting).

As appears from the opinion of the majority and that of the district judge,[1] this case is in the briefest compass. Submitted on a stipulation which the judge made his findings of fact, it presents the single issue of law, whether under the undisputed facts the suit was time-barred by the one year limitation period contained in the Carriage of Goods By Sea Act, 46 U.S.C.A. Sec. 1303(6). The district judge, holding that, under settled law, the statutory one year period for bringing suit may be waived and that it was waived, concluded that, on the stipulated facts, the libel was timely filed.

I agree with the district judge, and, therefore dissent from the opinion of the majority reversing his judgment.

It seems clear to me that the law on which the district judge acted is settled in favor of his action by the authorities he cited, to which may be added a reference to 34 Am.Jur., "Limitation of Actions", Subdiv. 15, "Waiver and Estoppel", Secs. 405 to 413, pp. 318–325. 46 U.S.C.A. § 1303(6) "Carriage of Goods By Sea Act" fixes one year as the time limitation for suit and under settled law no shorter period can be contracted for. The Argentino, D.C., 28 F.Supp. 440.

Here the parties waived the statute so that it was no longer operative as a bar and attempted to substitute therefor an ineffective contract period of two months, with the result that, while the waiver of the statute is valid and effective, the attempt to impose a two month limitation on libellant's right to bring the suit was invalid and ineffective. In short, when the respondent stipulated that it had waived the statutory bar of limitation, it stipulated its limitation defense completely out of court and whether or not, as appellee seems to think the court held, the stipulated facts estopped the defendant from pleading the bar is immaterial for the agreement to waive the statute had made the defense of limitation completely unavailable to respondent.

I think the judgment was right and should be affirmed.

1. J. A. Folger & Co. v. United Fruit Co., 170 F.Supp. 933.